JOHN GLANCY, Appellant, *v.* SAMUEL ELLIOTT, Appellee.

APPEAL FROM MERCER.

A note made payable, " whenever the lands in the late purchase in Iowa Territory should be advertised for sale," becomes due the moment any part of those lands are proclaimed for sale.

The presumption is, that the land officers were acting in the line of their authority in making sales of public lands, and that the sale of such lands dispensed with the necessity of direct proof, that they had been sold and advertised by order of the president.

The ruling of a court must be sustained, unless it affirmatively appears to be erroneous.

Where a party is in the actual possession of lands under a contract, which are listed in his name, he is personally responsible for the taxes.

THIS was an action on the following note: "For value received, I promise to pay to Samuel Elliott or order, the sum of two thousand one hundred and twenty dollars, payable whenever the lands in the late purchase in the Iowa Territory shall be advertised for sale, with ten per cent. interest thereon." The plea was the general issue with notice. The notice set up partial failure of consideration; that plaintiff had given to the defendant on the second of August, 1837, a bond obligating himself to make, or cause to be made to the defendant a good and sufficient deed in fee-simple to certain lands, describing them, said deed to be made so soon as defendant should pay certain notes specified in said bond, and which were given in consideration for land named in said bond; that the said notes were taken up, and the one in suit given in lieu and stead of

them; and that a large part of this note has been paid, to wit, the sum of two thousand three hundred and seventy dollars, in principal and interest; that the title to a portion of the land had failed, as they had been sold for taxes by the sheriff of Mercer county, which lands so sold for taxes, were of greater value than the amount due on the note.

The cause was heard before O. C. SKINNER, Judge, at May term, 1852, of the Mercer Circuit Court, without the intervention of a jury.

On the hearing, it was proved that the late purchase lay west of the Mississippi River in Iowa; was of the Black Hawk purchase; and a newspaper was introduced, containing a proclamation of the president, (the official paper in Iowa,) declaring that ninety-five townships of lands, embracing a large portion of the lands in the said purchase, were for sale. Public sales of said lands, by the land-officers, were also proved. A tax sale of a part of the lands in the bond was also proved.

N. H. PURPLE, for appellant.

MANNING and DOUGLASS, for appellee.

TREAT, C. J. This cause was tried by the circuit judge; and if the legitimate evidence before him warranted his finding, the judgment must be affirmed, although improper testimony may have been admitted. The note was made payable "whenever the lands in the late purchase in Iowa Territory should be advertised for sale." It became due the moment the lands in that purchase, or any part thereof, were proclaimed for sale. It was not necessary that all of them should be first offered for sale. The credit was given until the money could be invested in lands lying in that portion of Iowa. It is a fair inference from the whole case, that the payee intended so to invest the proceeds of the note. The maker was allowed to retain the money until it could be used for that purpose. Such, we doubt not, was the real understanding of the parties. The evidence clearly showed that a great portion of the land was in market, long before the action was brought upon the note. Several public sales of the land had previously taken place. It certainly was competent to prove this fact by parol. And this evidence dispensed with the necessity of direct proof, that the land had been advertised for sale by the order of the president. The presumption is, that the sales were made in pursuance of law; in other words, that the officers making them were acting in the line of their authority. It appeared that the contingency

upon which the money was to become payable had happened; and the note was, therefore, properly received in evidence.

The case sufficiently shows that the plaintiff offered to perform the contract on his part. Before the commencement of the suit, he tendered the defendant a deed for the land; and the court held that it was such a deed as he was bound to make. The deed is not set forth in the bill of exceptions, but we must presume that it authorized the decision of the court. The ruling of a court must be sustained, unless it affirmatively appears to be erroneous. In the absence of the deed, this court cannot say that it was improperly admitted; or that it was not such an instrument as the plaintiff agreed to execute. In order to prevent any question as to its sufficiency, the deed should have been incorporated into the record.

The sale of a portion of the land for the taxes of 1843, constituted no defence to the action. The evidence authorized the conclusion that the defendant was in the actual possession of the land during that year, claiming the same under the contract; and it appeared that the land was listed for taxation in his name. This rendered him personally responsible for the taxes. An action of debt might have been maintained against him to recover them; or payment might have been coerced by distraining his goods and chattels. It may perhaps be, that, as between the parties, the plaintiff was at law bound to keep down the taxes, inasmuch as he had agreed to make a good title at a future day. But the defendant was personally liable to the State for the taxes, and he should have discharged that liability, and looked to the plaintiff for the amount thus advanced. He had the means of indemnity in his own hands. He could properly claim a credit on the note, for so much money paid to the use of the plaintiff. The sale originated in his own wrong, and he should not be permitted to take advantage of it to defeat a recovery by the plaintiff. The case of Voris *v.* Thomas, 12 Illinois, 442, is conclusively in point.

The judgment is affirmed.

*Judgment affirmed.*