WYATT STUBBLEFIELD

*v.*

JAMES J. BORDERS.

1.  LIMITATION ACT OF 1839—*what constitutes color of title.*  A tax deed, regular on its face, is sufficient color of title, within the meaning of the Limitation act of 1839.

2.  SAME—*as to the question of good faith.*  Whether a conveyance claimed to be color of title was acquired in good faith is a question of fact to be determined by the evidence, and the presumptions of law with respect to the motives and intentions of men in the business affairs of life.  Good faith, within the

meaning of the statute, is the opposite of fraud and of bad faith, and its non-existence, as in all other cases where fraud is imputed, must be established by proof by him who alleges it.

3. SAME—*right of one in possession to purchase tax certificate and acquire a deed thereunder.* The mere fact that one is in possession of land, does not debar him of the right to purchase from another a certificate of the sale of that land for non-payment of taxes, and to obtain a deed thereunder for the purpose of relying upon the same as color of title under the statute. Like any other person holding under a possessory title, and apprehensive as to its validity, he may well fortify his position by buying in a threatening outstanding title, such as a tax certificate.

4. Of course, if the person in possession is holding in such manner as to make it his duty to pay the taxes,—as, that he claims to be the owner of the premises, and they are assessed in his name, then he can not profit by their sale for non-payment of taxes.

5. But, as the law presumes good faith, in the absence of proof as to the manner in which the person in possession holds such possession, or as to the character of title under which he claims, it will be assumed it was not his duty to pay the taxes, and he may rightfully acquire a tax certificate without its purchase being regarded as a mere redemption.

6. PLEADING AND EVIDENCE—*special pleas in ejectment—Limitation act of 1839.* While it is the general rule that statutes of limitation can be relied upon only by special plea, that rule does not apply to the action of ejectment in this State. Under our statute the defendant in ejectment may set up the Limitation act of 1839 and rely upon color of title, and other requirements of the statute, under the general issue.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. I. C. LAWVER, and Mr. E. L. MURPHY, for the appellant:

Appellant, Stubblefield, relies entirely upon possession, color of title, and payment of taxes under act of 1839. Rev. Stat. 1874, 674, § 6.

In support thereof the record shows a sheriff's tax deed, regular on its face, to Stubblefield, dated 21st March, 1862, duly recorded on the same day, as color of title. *Bailey* v. *Doolittle,* 24 Ill. 579.

The only question seems to be, was the possession "under claim and color of title made in good faith."

This would seem to depend upon presumption, under the rule of construction adopted by this court in considering this clause, since there is no evidence upon this point save that Stubblefield is made to say, "I bought the land from Frank Helman," a stranger,—"took possession under that bargain; could not get a deed from him because there was dispute between us about my having paid for it,—I claimed I had, and he disputed it."

This possession then was plainly hostile and adverse to Borders and his privies, as Helman is a stranger to that title. This discloses Stubblefield's motive in acquiring his tax deed, that is, to perfect his title to the land, and there is nothing to show that his possession, etc., was not in good faith, that is, adverse as to Borders and his privies.

This court has said, in construing this section of the statute, "claim and color of title is the same within the meaning of the Statute of Limitations as that given to those words by the courts when applied to support an adverse possession." · *Mc-Lellan* v. *Kellogg*, 17 Ill. 498.

The court has said further: "The good faith required is a freedom from a design to defraud the person having the better title." *McCagg* v. *Heacock*, 34 Ill. 476 and 42 id. 153; *Chickering* v. *Failes*, 26 id. 508; *Dickenson* v. *Breeden*, 30 id. 280; *Clark* v. *Peckenpaugh*, 46 id. 11.

And further: "The law presumes good faith in the absence of evidence to the contrary, and color of title is presumed to have been thus acquired until the contrary is shown." *McCagg* v. *Heacock*, 34 Ill. 476; *Brooks* v. *Bruyn*, 35 id. 392; *Morrison* v. *Norman*, 47 id. 477.

Mr. R. J. GODDARD, and Mr. JOHN MICHAN, for the appellee:

Appellant is mistaken when he states that "defendant insists upon the Statute of Limitations." There was no such plea filed in the court below. He ought to have filed it if he desired to

claim the benefit of the statute.   See secs. 19 and 21 of chap. 45 of the Rev. Stat. of 1874.

A defendant can not avail himself of the Statute of Limitations, unless he specially relies thereon by plea.   *School Trustees* v. *Wright et al.* 12 Ill. 441 ; *Schooner "Norway"* v. *Jensen,* 52 id. 378.

Appellant having failed to plead the statute of limitations in the circuit court, he can not avail himself of that defence in the Supreme Court.   It is too late to introduce it for the first time in the Supreme Court.   *Wilson et al.* v. *Van Winkle,* 2 Gilm. 687.

Under the issue joined, appellant should not have been permitted to introduce the tax deed in evidence.   He can not avail himself in the Supreme Court of evidence improperly admitted in the circuit court.   This case is to be now tried upon the issue presented in the pleadings in the circuit court.

Appellant claims color of title under tax deed.   He claims possession of land since and before A. D. 1860.   He took possession under a contract of purchase.   He claimed the ownership January 21, A. D. 1861, when he bought the certificate of tax sale from James Thompson.   But appellant does not show by this record who the said judgment for taxes was against.   He could not give in evidence a judgment against a third person, on which the land was sold, and James Thompson purchased, unless some color of title to the land be first shown in the judgment debtor.   Tyler on Ejectment and Adverse Enjoyment, page 563.

When appellant purchased the tax certificate from Thompson, appellant then claiming the ownership, was not said purchase a redemption from said tax sale?   If so, the tax deed is valueless,—it is not color of title.   The purchase at a tax sale of land by the owner of the land, is of no greater weight than the payment of the taxes before the sale would be.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the third day of September, 1877, appellee commenced in the Randolph circuit court an action of ejectment against appellant for the recovery of the south-east quarter of the south-east quarter section 3, township 4 south, range 7 west, in the county of Randolph and State of Illinois. At the September term, 1877, of the court, the cause, by consent of parties, was submitted to the court without a jury. Upon hearing the evidence the court found in favor of appellee and entered judgment accordingly. Appellant brings the record to this court and assigns for error the finding and judgment of the circuit court.

Upon the trial below appellee showed a *prima facie* right to recover the premises in question by proving a connected chain of title from the Government to himself. Appellant relied upon possession of the premises under claim and color of title made in good faith, and payment of all taxes legally assessed thereon for seven years. For the purpose of establishing this defence appellant put in evidence a tax deed for the premises in question, executed on the 21st of March, 1862, by the sheriff of the county to himself.

By the recitals in this deed, and other evidence in the case, it appears that the premises in question were, on the 22d of September, 1856, sold for the taxes of 1855 to one James Thompson, who, on the 21st of January, 1861, assigned his certificate of purchase to appellant, by means of which he obtained a sheriff's deed which is relied on as color of title. Appellant also put in evidence seventeen tax receipts, which, together with his own testimony, show conclusively that he had paid all taxes assessed upon the premises for seventeen consecutive years, commencing with the year 1860. The date of the first payment is not shown, but it was doubtless made in 1861, and probably about the time he obtained the certificate of purchase. The tax deed is in the usual form and entirely regular so far as anything appears upon its face. Indeed, no objections are

urged against its sufficiency. The only objection suggested against it is that it was not pertinent to the issue.

In addition to the sheriff's deed and tax receipts, appellant testified on his own behalf as follows:

" Have resided on the land in controversy, and been in open, visible possession of it ever since; my tax receipts, produced in evidence, show that I have paid the taxes on it ever since 1860 and before, and now reside upon it. I have during all that time paid all the taxes legally assessed upon that land, and have made improvements on it. I bought the land from Frank Helman; took possession under that bargain; could not get a deed from him because there was dispute between us about my having paid for it; I claimed I had, and he disputed it."

This was all the evidence in the case.

The law is so well settled in cases of this character, that it would seem there ought to be no difference of opinion upon any question presented by this record.

It is the settled law of this State that a tax deed regular on its face is sufficient color of title within the meaning of the Limitation act of 1839. *Woodward* v. *Blanchard,* 16 Ill. 433; *Dawley* v. *Vancourt,* 21 id. 460; *Halloway* v. *Clark,* 27 id. 483; *Morrison* v. *Norman,* 47 id. 477.

The possession and payment of taxes after appellant had acquired this color of title were concurrent for more than the full period of seven consecutive years. So far, conceding the competency of the evidence, there can be no question as to the sufficiency of appellant's defence.

The only remaining question to be considered is, were appellant's claim and color of title acquired and made in good faith?

This inquiry presents a question of fact, to be determined by the evidence and the general presumptions of law with respect to the motives and intentions of men in the business affairs of life.

The rule that good faith is always presumed until the con-

trary is shown, and that fraud, or bad faith, will never be presumed, and that whoever alleges the one or the other is bound to prove it, are among the oldest doctrines of the common law.

In *McConnel* v. *Street et al.* 17 Ill. 253, a case arising under this same statute, the court, in discussing the very point now under consideration, said : " Good faith, within the meaning of this statute, we understand to be the opposite of fraud and of bad faith, and its non-existence, as in all other cases where fraud is imputed, must be established by proof."

Again, in *Morrison et al.* v. *Norman et al.*, *supra*, where the same question was under discussion, the court uses the following language : " It is the settled rule of this court that a deed regular on its face is good color of title under the statute, *and that bad faith will not be presumed of the grantee in the absence of proof.*"

Many other cases might be cited to the same effect, but we deem it unnecessary to do so.  Taking it, then, as the settled law that good faith is always presumed till the contrary is shown, and that he who alleges bad faith assumes the burden of proving it, we ask where is the evidence in the record before us showing, or even tending to show, bad faith or an absence of good faith on the part of appellant in connection with the title upon which he relies as a defence?

It is suggested by appellee that because appellant was in possession of the premises at the time he acquired the certificate of purchase from Thompson, therefore his purchase of the certificate should be regarded simply as a redemption from the tax sale.  No authority is cited for the position assumed, and under the facts as here presented we do not regard it as sound.

On the contrary the certificate of purchase in the hands of Thompson was in the nature of an outstanding title.  It was in market, and appellant had the same right to purchase it that any one else had, and upon its assignment to him he acquired the same interest in it that any other purchaser would. Like any other person having a possessory title to real estate,

who is apprehensive as to its validity, he had a perfect right to fortify his position by buying in a threatening outstanding title.

Of course, if there was evidence showing that appellant was in possession of the premises, claiming them as owner, when the taxes were assessed upon 'the land, and that they were assessed in his name, or that he was otherwise legally bound to pay them, or that the tax sale was attributable to his own neglect of duty, the rule would be otherwise. The case would then fall within the principle laid down in *Glancy* v. *Elliot*, 14 Ill. 456, *Voris et al.* v. *Thomas*, 12 id. 442, and *Choteau* v. *Jones et al.* 11 id. 300. But there can be no pretence for any claim of that kind here. The record does not disclose when appellant went into possession, or in whose name the taxes were assessed. The only light thrown upon this branch of the case is what appellant states himself. He says: "I have resided on the land in controversy, and been in the open, visible possession of it  *  *  ever since 1860 and before." How long before—whether a day, week, month, or year or years—he does not say, and this is all that is said in reference to the matter.

As to whose name the land was assessed in, or whose duty it was to pay the taxes for which it was sold, we are without any evidence whatever to enlighten us. However, since the law presumes good faith, we must, in the absence of all evidence upon the subject, assume that the duty of paying these taxes did not devolve on appellant, and that he therefore had the right to acquire the certificate of purchase from Thompson, and take from the sheriff a tax deed for the premises in the manner he did.

Indeed, appellee does not seem to seriously question the proposition that a complete defence was shown under the statute, but he earnestly insists that, under the issue formed, the proofs were not admissible. He maintains that the statute upon which appellant's defence is founded, being one of limitation, should have been specially pleaded, and

that inasmuch as appellant failed to interpose a special plea setting up the statute, all the evidence admitted upon that subject by the court below was irrelevant, and can not therefore be considered by this court; and in support of this position cites the cases of *School Trustees* v. *Wright et al.* 12 Ill. 441, and *Schooner "Norway"* v. *Jensen,* 52 id. 378, neither of which is like the case at bar. We concede the general doctrine to be as claimed by appellee, but it has no application to actions of ejectment. Counsel for appellee seem to have wholly overlooked the statute on the subject. The 19th section of chapter 45 of the Revised Statutes of 1874, entitled " Ejectment," expressly provides, that if the defendant does not demur to the declaration he *shall* plead the general issue, * * and upon such plea he may give in evidence any matter that may tend to defeat the plaintiff's action, except as thereinafter provided. The exception referred to is contained in the 22d section, which requires the defendant, if he intends to question the fact of his own possession, or that he claims title or interest in the premises, or that demand of possession was made before suit, to file a special plea, verified by affidavit, denying the one or the other or all of these facts, as the circumstances may warrant or he may desire. A special plea putting in issue some or all the matters specified in this 22d section of the Ejectment act, is the only kind of special plea required in any case in an action of ejectment. All other defences may and should be shown under the plea of not guilty. *Warren* v. *The President, etc.* 15 Ill. 236; *Walker* v. *Armour,* 22 id. 658.

If we are right in the views here presented, it follows that the circuit court erred in rendering judgment for appellee. Under the issue and proofs the finding and judgment should have been for appellant. For the error indicated the judgment of the circuit court must be reversed, and the cause remanded.

*Judgment reversed.*