Grace M. Scharf, Appellee, v. A. S. Waters, Appellant.

Gen. No. 43,549.

526

Opinion filed April 24, 1946. Released for publication May 10, 1946.

Louis I. Shapiro, of Chicago, for appellant.

Rosenthal, Eldridge, King & Robin, of Chicago, for appellee; Herman L. Ellsworth and Douglass Pillinger, both of Chicago, of counsel.

Mr. Justice Burke delivered the opinion of the court.

On May 1, 1945 Grace M. Scharf filed a verified complaint of forcible detainer in the circuit court of Cook county against A. S. Waters, alleging that she

was entitled to the possession of the premises at 1542 Forest avenue, DesPlaines, Illinois; that the defendant unlawfully withheld possession from her; and asking judgment for possession. Defendant filed a demand for a jury trial and a verified answer, denying that plaintiff was entitled to the possession of the premises, or that he unlawfully withheld possession, and alleging that on April 7, 1942 a written lease for the premises was made by plaintiff and defendant for the period from May 1, 1942 to April 30, 1943, at a rental of $45 per month; that he took possession on or about May 1, 1942; that the lease was renewed from year to year until April 30, 1945; and that he had been in possession as a tenant ever since. On motion of plaintiff the court struck four additional paragraphs of the answer. These paragraphs sought to set up facts showing that plaintiff was not seeking to gain possession of the premises in good faith, in accordance with the Emergency Price Control Act of 1942 and the regulation pertaining thereto. Thereafter, plaintiff filed a motion for summary judgment, supported by her affidavit, which reads:

"That she is the widow of Charles E. Scharf, deceased, and resides at 5836 North Keating Avenue, Chicago, Illinois. That she is the plaintiff in the above entitled cause and verified the complaint filed herein; that the allegations contained in the complaint are true and correct in substance and in fact, and she incorporates the complaint in this affidavit. That the house at 5836 North Keating Avenue consists of six rooms, sunporch and two baths; that it has an 85 foot frontage on North Keating Avenue, and in the year 1944 the general taxes levied against this property were $410.92; that she formerly resided in this property with her husband, Dr. Charles E. Scharf, who died on January 22, 1943, and her son Charles E. Scharf and his wife, the undersigned's daughter, Grace E. Scharf, and her younger son, Arthur Scharf.

That until she retired on the first of February, 1944, she was engaged in teaching in the Chicago Public Schools; that her son, Charles and his wife have moved into their own home; that the undersigned's daughter, Grace, is doing graduate work at Northwestern University; that her work necessitates her residing in Evanston, Illinois and that she is only home for week ends; that the undersigned's son, Arthur, will be eighteen in July and expects to enter the armed forces of the United States at or before that time. That for the foregoing reasons, she no longer requires a residence of the size of the property in which she now resides at 5836 North Keating Avenue; that she is not physically able to do the work necessary to keep up this large house and the large yard which requires frequent mowing and other attention, and it is essential that she should reduce her living expenses. That she is unable to locate smaller quarters in Chicago, but that she owns and has owned since prior to 1942, the property at 1542 Forest Avenue, DesPlaines, Illinois; that this house has five small rooms, is on a 30 foot lot, and the taxes on it for the year 1944 were $102.12; that due to the death of her husband and the fact that she is no longer teaching in the Chicago Public Schools, it is no longer necessary for her to reside in Chicago, and therefore she desires to move into and reside in this property. That the defendant, A. S. Waters, rented this property by lease dated April 7, 1942, which lease was extended to April 30, 1944, a correct photostatic copy of which is attached hereto and by reference incorporated herein; that defendant continued to reside in said premises after April 30, 1944, although no additional lease or extension agreement was executed; that on January 30, 1945 this defendant caused plaintiff to be served with a copy of notice to terminate his tenancy, a correct copy of which is hereto attached and marked 'Exhibit B' and by reference incorpo-

rated herein and a copy of which is also attached to defendant's answer filed herein and marked 'Exhibit A,' and that defendant, by said answer, admitted receipt of said notice on said date. That plaintiff desires possession of these premises for immediate use and occupation as a dwelling for herself. Affiant further states that all of the statements in this affidavit are made of her personal knowledge; that if sworn as a witness in this cause, she can competently and would testify to all of the statements contained in the foregoing affidavit and in the complaint heretofore filed in the above entitled cause.''

Attached to the affidavit was a copy of the lease dated April 7, 1942, between plaintiff as lessor and defendant as lessee, demising the premises at a rental of $45 per month for the period from May 1, 1942 to April 30, 1943, and containing the following typewritten provision:

''It is agreed that in the event that the premises are sold and that the new owner desires possession that lessor can cancel this lease by giving lessee sixty days previous notice and allowing one month's rent as a consideration therefor.''

The lease contains an indorsement that it was extended to April 30, 1944. Also attached to the affidavit was a copy of the notice by plaintiff to defendant, reading:

''I hereby give you notice to quit and deliver up possession of the premises at 1542 Forest Avenue in the City of DesPlaines, in the County of Cook and State of Illinois, to me on April 30, 1945. This notice is given for the express purpose of terminating your rights, if any, under a lease of these premises given by me under date of April 7, 1942, for the period from May 1, 1942 to April 30, 1943, which lease was extended by an endorsement to April 30, 1944; to terminate a month to month, or year to year tenancy

of said premises, if you are holding under either of such tenancies, and also to terminate any and all other rights which you may have or claim to have entitling you to retain possession of these premises. You are further notified that I desire to recover possession of these lands and premises and the housing accommodations thereon at the termination of your tenancy on, April 30, 1945, for immediate use and occupancy as a dwelling for myself; that I owned these lands and premises prior to October 20, 1942, and that this notice is given in order to obtain possession of these premises in accordance with the provisions of and the rights given me by Section 6 (a) (6) of The Rent Regulations for Housing, originally issued May 31, 1943, as amended and reissued by Chester Bowles, Administrator, on September 12, 1944.''

Opposing the motion, defendant filed the following affidavit:

''That he has a good defense on the merits to all of the plaintiff's claim. That the nature of affiant's defense is, as follows: (a) That he rented the premises, as a tenant, located at 1542 Forest Avenue, Des-Plaines, Illinois from the plaintiff in accordance with the terms and provisions of a written lease, a copy of which is attached to the plaintiff's affidavit marked Exhibit A, and said lease was for the period from May 1, 1942 and expiring April 30, 1943, and said lease was extended to April 30, 1944 and has resided in said premises continuously from May 1, 1942 to date hereof as a tenant and now resides in said premises lawfully as a tenant, having complied at all times with the terms and covenants of said lease and paid all rent due, with his wife and minor son. (b) That on January 30, 1945 a Notice to Terminate Tenancy and Demand for Possession was served by the plaintiff on the defendant, whereby the plaintiff terminated said tenancy as of April 30, 1945, a copy of which notice is attached to plaintiff's affidavit filed

herein, and said notice also states that plaintiff desires to recover possession of the premises for immediate use and occupancy as a dwelling for herself. (c) That the premises involved herein have been desig-nated by the Administrator of the Office of Price Administration pursuant to Section 2B of the Emergency Price Control Act of 1942 (Act of Congress) as defense rental area and said Administrator of the Office of Price Administration in accordance with the said Emergency Price Control Act of 1942 has issued a declaration declaring rents frozen as of March 1, 1942 and said maximum rent became effective on and after July 1, 1942 and said premises have continued to be designated as a defense rental area and is now designated as a defense rental area and therefore under the jurisdiction of the Federal Emergency Price Control Act of 1942 and the regulations pertaining thereto. (d) That the pertinent provisions of Regulation 28 of the Emergency Price Control Act of 1942, and its amendments, issued by the Office of Price Administration, are as follows: 'Sec. 6. Removal of tenant—(a) Restrictions on removal of tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless: (6) Occupancy by landlord. The landlord owned . . . the housing accommodations prior to . . . October 20, 1942 . . . and seeks in good faith to recover possession

of such accommodations for immediate use and occupancy as a dwelling for himself.' (e) That the plaintiff does not seek in good faith to recover possession of the premises occupied by the defendant for immediate use and occupancy as a dwelling for herself, but on the contrary seeks to oust the defendant in violation of the provisions of the said Emergency Price Control Act of 1942 and the regulations pertaining thereto as above set forth, which said laws and said regulations are now in full force and effect, and defendant sets forth the following facts: That plaintiff, Grace M. Scharf, now resides and occupies a six room house, is the owner thereof, which house is located at 5836 North Keating Avenue, Chicago, Illinois, and has occupied and owned said house for more than three years last past and resides therein with her family, and is now the owner of said premises, which information plaintiff failed to state in her affidavit. (f) That the maximum rent for the premises involved herein on March 1, 1942 was $35.00 per month; that the plaintiff collected from the defendant the sum of $45.00 per month after July 1, 1942 (date rents were frozen) to and including September 1943, or an excess over the legal maximum of $150.00 for said period. (g) That on or about August 15, 1943 the plaintiff came to the home of this defendant and stated that she was notified by the Office of Price Administration that the maximum rent for said premises is $35.00 per month; that she told this defendant that she would not reduce the rent to $35.00 per month in accordance with the order of the OPA and would insist upon $45.00 per month, that the OPA was not going to run her business and that she, the plaintiff, would see to it that she would collect the sum of $45.00 per month. (h) That the first notice the defendant received from the OPA that the rent for the premises was $35.00 per month was on September 2, 1943, the rent for September 1943 having been paid however,

to plaintiff on September 1, 1943 in the sum of $45.00; that on October 1, 1943 the defendant paid to the plaintiff the maximum rent of $35.00 and refused to pay more than the maximum rent, and the plaintiff issued a receipt 'on account' to the defendant for the months of October and November 1943. (i) That this defendant made demand on the plaintiff to refund the overcharges of rent collected by plaintiff for the period from July 1942 to and including September 1943, but the plaintiff refused and defendant brought suit against plaintiff on November 13, 1943 in the District Court of the United States for the Northern District of Illinois, entitled A. S. Waters, Plaintiff, vs. Grace M. Scharf, Defendant, Case No. 43C 1092, for the recovery of overcharges in accordance with Section 205 (e) of the Emergency Price Control Act of 1942, and that on April 6, 1945, after a trial and full hearing by the Federal Court, a judgment was entered in favor of A. S. Waters, plaintiff in that suit, and against Grace M. Scharf, defendant in that suit, for the sum of $750.00 and costs; and that said judgment has been satisfied by said Grace M. Scharf, the defendant in that suit. (j) That the plaintiff herein sent a letter to the defendant herein dated the 21st of June, 1944, in which she stated, 'What will you take to drop your very unjust suit and get out of my house,' a copy of which letter is attached hereto and marked Defendant's Exhibit A, and made a part hereof. (k) That plaintiff now maintains and has maintained since on or about December 1, 1943 a 'For Sale' sign on the front wall of the building showing the premises to be for sale, and the words contained on said sign are as follows: "FOR SALE ARBOGAST 1691 HENRY AVE. DESPLAINES," a photograph of said sign 'For Sale' on said premises is attached hereto and marked Defendant's Exhibit B, and made a part hereof. (1) That the premises as set forth above are now for sale and have been for

sale, and the plaintiff, therefore, is not seeking to recover possession in good faith and for her immediate use and occupancy as a dwelling for herself, but merely seeks to oust this defendant as revenge because he refused to pay her more than the maximum rent for said premises and because he sued the plaintiff and recovered a judgment against her in the Federal Court in accordance with the Emergency Price Control Act. (m) That the plaintiff is now living in her own home and has lived there for many years as set forth in her affidavit without making any demand for possession of these premises until after this defendant refused to pay plaintiff more than the maximum rent for said premises. (n) That the plaintiff herein filed a petition for increase of rent with the Office of Price Administration on November 24, 1943, asking that the rent be increased from $35.00 to $45.00 per month, and an order was entered by the Office of Price Administration on January 5, 1944 denying the petition of plaintiff for said increase of rent. (o) That this suit to oust the defendant from the premises was instigated by the plaintiff with malice and revenge as shown by the foregoing facts and circumstances and contrary to the spirit of the Federal Rent Control Act and in violation thereof. (p) That on the 1st day of April, 1945 Mr. Wessel, a real estate dealer located in DesPlaines, Illinois, and agent of the plaintiff herein, brought prospective purchasers to the premises occupied by this defendant; that Mr. Wessel exhibited a letter from the plaintiff's attorneys, who are now representing her in this matter, which letter was on the letterhead of the firm of Rosenthal, Eldridge, King & Robin, and addressed to Mr. Wessel in connection with the sale of these premises; that on the same day, April 1, 1945, James Graser, a salesman employed by Mr. Wessel's real estate firm, brought a prospective purchaser to see the premises occupied by the defendant herein; that

on April 10, 1945 a Mrs. Langlois came to the premises and told this defendant that she was sent by Mr. Wessel's real estate firm as a prospective purchaser of the premises. Wherefore, this affiant says that he is entitled to defend the said action and prays that the motion of the plaintiff be dismissed."

Attached to the affidavit was a letter from plaintiff addressed to and received by defendant dated June 21, 1944, reading: "What will you take to drop your very unjust suit and get out of my house?" Also attached was a photograph of a sign on the premises at 1542 Forest avenue, DesPlaines, Illinois, showing the following: "For Sale Arbogast 1691 Henry Ave. DesPlaines."

Defendant filed a second affidavit by his wife, Esther Waters, reading:

"That on or about August 15, 1943 the plaintiff herein visited the home now occupied by this affiant and her husband, A. S. Waters, the defendant herein, and plaintiff stated that the Office of Price Administration has notified her that the maximum rent for the premises was $35.00 per month; that the plaintiff, Grace M. Scharf, stated that she would not reduce the rent to $35.00 per month and would insist upon $45.00 per month; that at that time this affiant did not receive any notice from the Office of Price Administration that the maximum rent for these premises was $35.00 per month; that on September 1, 1943 the defendant herein paid the plaintiff, Grace M. Scharf, $45.00 per month and received a notice from the Office of Price Administration on September 2, 1943, that $35.00 per month was the maximum rent; that on October 1, 1943 the plaintiff, Grace M. Scharf, came to the home of this affiant and collected $35.00 for the month of October, 1943, and on November 1, 1943 the plaintiff Grace M. Scharf, came to the home of this affiant and collected $35.00 as rent for the month of November, 1943; that this affiant noticed that after she paid the

October 1943 rent, that the October, 1943 rent receipt was marked 'on account' and when she paid to the plaintiff the November, 1943 rent on November 1, 1943 the plaintiff marked on said receipt 'on account'; that this affiant asked the plaintiff, Grace M. Scharf, why she wrote the words 'on account' on the October and November rent receipts, the plaintiff, Grace M. Scharf, told this affiant that she expects an additional $10.00, that the rent should be $45.00 per month, and plaintiff told this affiant to pay her $10.00 in cash so that the plaintiff herein would receive $45.00 per month notwithstanding the fact that the maximum rent was $35.00 per month. That the plaintiff, Grace M. Scharf, on November 1, 1943, said to this affiant she would not let the OPA tell her how to run her business and that she, the plaintiff, Grace M. Scharf, if necessary, would move out of her own home, there being no maximum rent ceiling on it, her home never having been rented, would rent her home for a high rental and move into the premises occupied by the defendant herein, A. S. Waters; and that the plaintiff, Grace M. Scharf, also told your affiant that if your affiant did not pay her $10.00 in cash each month to get out and move any place that she, Grace M. Scharf, had a party who would pay her $55.00 a month by paying $35.00, the maximum rent, and the balance of $20.00 in cash. That on February 6, 1945 this affiant talked to a Mr. S. L. Wessel, a real estate dealer located at 1516 Miner Street, DesPlaines, Illinois, and Mr. Wessel told this affiant that he was authorized by the plaintiff, Grace M. Scharf, to offer these premises for sale. That on February 6, 1945 this affiant talked to Mr. Eidamiller of Ben F. Eidamiller & Co., 678 Lee Street, DesPlaines, Illinois, and Mr. Eidamiller told her that the plaintiff herein, Grace M. Scharf, authorized him to sell these premises. That on March 4, 1945 this affiant saw prospective purchasers looking at the

premises and on March 14, 1945 prospective purchasers talked to this affiant about the condition of the premises.''

On June 19, 1945 the court entered the following summary judgment:

''On motion of Rosenthal, Eldridge, King & Robin, attorneys for plaintiff, for summary judgment against the defendant herein, plaintiff having filed her affidavit in support thereof, and defendant having duly filed his affidavits resisting said motion for summary judgment, and upon due notice to the defendant and the court having examined the affidavits filed herein and having heard the argument of the attorneys for the plaintiff and the attorney for the defendant and the attorney for the Office of Price Administration being present in court, and the court being fully advised in the premises, It Is Hereby Ordered that summary judgment be and it is hereby entered in favor of the plaintiff and against the defendant and that plaintiff have possession of the premises described in the complaint as 1542 Forest Avenue in the City of DesPlaines, Cook County, Illinois, and costs of this suit; that execution be stayed for five days, and It Is Further Ordered that defendant be given leave to appeal and that defendant's appeal bond is hereby fixed at the sum of $750.00.''

This appeal followed.

■■ The purpose of the summary judgment procedure is not to try an issue of fact, but to determine whether there is an issue of fact. The matter is necessarily inquisitorial. If there is a material issue of fact, it must be submitted to the trier of fact, whether a jury or a court without a jury. The right of the moving party to a judgment should be free from doubt. *Bertlee v. Illinois Publishing & Printing Co.,* 320 Ill. App. 490; *Great Atlantic & Pacific Tea Co. v.*

*Town of Bremen*, 327 Ill. App. 393. In *Shirley v. Ellis Drier Co.*, 379 Ill. 105, our Supreme Court said (110):

"If there is anything left to go to the jury the motion for summary judgment is denied. If what is contained in the affidavits would have constituted all of the evidence before the court and upon such evidence, there would be nothing left to go to the jury, and the court would be required to direct a verdict, then a summary judgment will be entered."

Where defendant desires to test the sufficiency of plaintiff's motion and affidavit for summary judgment, he should file a written motion to strike, specifying his objections. Likewise, where a plaintiff contends that the affidavit or affidavits do not present a defense, or are otherwise objectionable, he should move to strike all of the affidavit or the objectionable parts. In the instant case the respective parties now find fault with the affidavits filed in support of and against the motion for judgment. No written motion was filed by either party to strike any part of the affidavits and the record does not show that on the hearing any objection was voiced as to these affidavits. Presumably, the parties considered that the affidavits satisfied the requirements of the Civil Practice Act and the rules of the Supreme and Circuit Courts.

The pertinent provisions of the rent regulation for housing by the Office of Price Administration in effect at the time the instant judgment was rendered, are:

"Sec. 6. Restrictions on Removal of Tenant. (a) So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or other-

wise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless: . . . (6) The landlord owned . . . the housing accommodations prior to . . . October 20, 1942 . . . and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself.''

The quoted regulation was amended subsequent to the rendition of the judgment herein. The amendment effective September 15, 1945 requires the landlord to prove that he has an ''immediate compelling necessity to recover possession of the accommodations for use and occupancy as a dwelling for himself,'' or that he has ''served during the period of the war emergency in the armed forces of the United States and in good faith seeks possession for his own occupancy.'' We will decide this case on the regulation in effect at the time the judgment was rendered. Under the regulation plaintiff was not required to procure a certificate from the OPA authorizing the pursuit of local remedies to evict the tenant. She was required to prove that she was the owner of the housing accommodations prior to October 20, 1942 and that she sought in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for herself. Under sec. 6 (d) (1), every notice to a tenant to surrender housing accommodations ''shall state the ground under this section'' upon which the landlord relies for removal or eviction of the tenant, a copy of which notice is required to be given to the area rent office within 24 hours after the notice is given to the tenant. The record does not show whether a written notice was given to the area rent office within 24 hours after the notice was given to the ten-

ant, nor does it show whether written notice of commencing the action to remove the tenant was given to the area rent office, stating the title of the case, the number of the case, the court in which the case was filed, the name and address of the tenant and the ground ''under this section on which removal or eviction is sought.'' In *222 East Chestnut St. Corp. v. Murphy,* 325 Ill. App. 392, we held that the tenant could not waive the requirements for notices contained in the OPA regulations. However, where appropriate notices are given and filed, the defendant may by his conduct in the trial waive the proving of such notices. In the *Murphy* case there was a trial and we held that, as there was no answer and the record omitted the argument to the jury and the instructions, that we would presume that the point of lack of notice urged by the appellee on appeal had been urged in the trial court and constituted the basis for a favorable verdict and judgment. It may be that a tenant's attorney, recognizing that the requisite notices had been given to the rent area office, would consider the raising of points as to the giving of such notices a useless move, and would also lead the plaintiff's attorney to believe that defendant was waiving proof of the giving of notices. We are of the opinion that under such circumstances a tenant is in no position to raise the point that notice was not given or filed.

The record shows that notice to terminate which was served on the tenant on January 30, 1945, states that plaintiff desired to recover possession for immediate use and occupancy as a dwelling for herself, that she owned the premises prior to October 20, 1942, and that the notice was given in accordance with the provisions of and the rights given under sec. 6 (a) (6) of the Rent Regulation for Housing. Defendant urges that this notice is totally defective because it does not state that plaintiff sought possession ''in

good faith.'' Plaintiff asserts that in this State good
faith is presumed until the contrary is shown, citing
*McCagg v. Heacock*, 34 Ill. 476; *Stubblefield v. Bor-
ders*, 92 Ill. 279; *Sexson v. Barker*, 172 Ill. 361; *Goche-
nour v. Logsdon*, 375 Ill. 139. Defendant does not
contend that good faith must be alleged in the com-
plaint. Plaintiff seeks to sustain the validity of her
notice by arguing that there is a substantial com-
pliance with the regulation in that the notice stated
that she wished possession for immediate use and oc-
cupancy as a dwelling for herself in accordance with
the provisions and rights given her by sec. 6 (a) (6)
of the Rent Regulation for Housing. We are satisfied
that the Illinois authorities cited by plaintiff do not
apply to the factual situation of the instant case.
The OPA regulations for rent control are carefully
drawn and the language is carefully guarded. In
order to prevail in her prayer for a judgment for pos-
session of the premises, plaintiff was required to show
not only that she was the owner prior to October 20,
1942, but that she sought in good faith to recover pos-
session of such accommodations for immediate use
and occupancy as a dwelling for herself. She was
also required to serve and give the notice hereinbefore
mentioned. It will be observed that sec. (6) (a) (6)
requires that every notice to a tenant to vacate or
surrender possession of housing accommodations
shall state the ground ''under this section'' upon
which he relies. The notice served on defendant on
January 30, 1945 informed defendant that plaintiff
desired to recover possession of the housing accommo-
dations at the termination of the tenancy on April 30,
1945, for immediate use and occupancy as a dwelling
for herself; that she owned the premises prior to
October 20, 1942, and that the notice was in accordance
with the provisions of and the rights given to her by
sec. (6) (a) (6) of the Rent Regulation for Housing.
While this notice did not inform the tenant that the

landlord sought "in good faith" to recover possession of the accommodations, it did inform him that she desired possession under the provisions of a paragraph of the regulations, which paragraph required that she "seeks in good faith" to recover possession of such accommodations. By reference to the paragraph the tenant would readily ascertain that plaintiff could not recover possession unless she was seeking such possession "in good faith." Although a copy of the notice was attached to plaintiff's affidavit, and although defendant here argues that the notice was fatally defective, he did not attempt to strike plaintiff's affidavit, and the record does not show that he voiced any objection to the notice. We find that the notice was in substantial compliance with the rent regulations.

The housing situation is such that unless the rent control regulations are followed, evasions will gradually creep in and render the control ineffective. The regulations are necessarily designed to ameliorate the present extraordinary housing situation. The burden of proving good faith was on plaintiff. In *Nofree v. Leonard,* 327 Ill. App. 143, the landlord sought possession under sec. (6) (a) (6) of the Rent Regulation. The case was tried without a jury, and at the close of all the evidence the court sustained defendant's motion for a finding in his behalf that as a matter of law plaintiff had not made out a *prima facie* case. In the trial court the only point defendant urged was that plaintiff had not proved good faith. We held that plaintiff's evidence clearly tended to establish her cause of action, reversed the judgment and remanded the cause for a trial. We held there that the evidence of unfairness or ill will by the landlord toward the tenant could be considered in connection with all other facts and circumstances in determining whether plaintiff did or did not act in good faith in desiring to occupy the premises as a dwelling

place for herself. In the *Nofree* case we quoted from the recent case of *Sviggum v. Phillips,* 217 Minn. 586, 15 N. W. (2d) 109, also involving the same paragraph of the Rent Regulation. In the *Sviggum* case the court, quoting the language of another case, stated that good faith, like fraud, is hardly capable of exact definition, that it is a question of fact depending upon many circumstances and conditions, that it is generally a question for a jury to determine, and that on an issue of good faith under OPA rent regulations all the circumstances must be taken into consideration in determining whether a landlord is merely attempting to juggle his property for profit or legitimately requires it to live in. We have read the Illinois cases cited by plaintiff to the effect that good faith is presumed until the contrary is shown. *McCagg v. Heacock,* 34 Ill. 476; *Stubblefield v. Borders,* 92 Ill. 279; *Sexson v. Barker,* 172 Ill. 361; *Gochenour v. Logsdon,* 375 Ill. 139. In view of the positive provision of sec. 6 (a) (6) of the regulation, that to be excluded from the prohibition against evicting or removing a tenant a landlord who owned the property prior to October 20, 1942 must prove that she seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for herself, we are of the opinion that the Illinois cases cited by plaintiff are not applicable and that the burden is on plaintiff to prove good faith.

We are asked to determine whether the affidavits presented an issue of fact to be determined by a jury as to whether or not plaintiff is seeking to recover possession in good faith. Assuming that plaintiff's affidavit and exhibits make out a *prima facie* case showing that she seeks in good faith to recover possession of the premises, and that she has also established the other elements of her case, we turn to defendant's affidavits. Plaintiff asserts that these affidavits do not state facts showing that defendant is

entitled to a jury trial, and points out that her (plaintiff's) failure to comply with the Emergency Price Control Act, her statements and conduct in connection therewith, and the judgment entered against her in the Federal court, do not show that she is acting in bad faith. It is clear that her conduct may be considered on the issue of good faith. The other objections leveled at defendant's affidavits cannot be sustained. The parties have the right to have all the circumstances presented to a jury. The fact that a certain part of defendant's affidavit does not in itself constitute a defense, is not a valid ground for disregarding it. As hereinbefore stated, good faith is hardly capable of exact definition, and depends on many circumstances and conditions. Plaintiff did not attempt to strike out any part of the affidavits. Rule 15 of the Supreme Court provides that affidavits in support of and in opposition to a motion by plaintiff or defendant for summary judgment shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim is based; shall have attached thereto sworn or certified copies of all papers upon which the party relies; shall not consist of conclusions, but of such facts as would be admissible in evidence and shall affirmatively show that affiant if sworn as a witness, can testify competently thereto. If all the facts to be shown are not within the personal knowledge of one person, two or more affidavits may be used. Paragraph 2 of this rule provides for a situation where the affidavit of either party states that material facts cannot be procured by reason of hostility or otherwise of a person. It also provides for submitting interrogatories and taking depositions. The affidavits filed in the instant case are vulnerable to objections. However, the parties submitted the matter to the court without objection.

Defendant's affidavits sought to show that plaintiff is endeavoring to sell the property. The parties recognize that, if true, this would show that plaintiff is not seeking in good faith to recover possession for immediate occupancy for herself. Defendant attached to his affidavit two photographs of a "For Sale" sign, which he states plaintiff "now maintains and has maintained since on or about December 1, 1943 on the front wall of the building." Plaintiff insists that the word "maintain" is a conclusion of the defendant and that no facts are stated to show that she placed the sign or knew it was there. To "maintain" is "to keep up," "sustain," "preserve." Plaintiff also states that she is not bound by the acts of persons who came there representing themselves as real estate dealers and agents of plaintiff in endeavoring to sell the property, and that defendant would have to show that such parties were acting with plaintiff's authority. While the affidavits do not show affirmatively that plaintiff personally collected the rent after the "For Sale" sign was placed, they do show that whenever the collection of rent is mentioned that it was collected in person by plaintiff. There is a reasonable inference from the record that plaintiff collected the rent in person. In visiting the premises she would naturally see the "For Sale" sign, and if it were unauthorized she would remove it or have it removed. Even in the trial of a case where objectionable evidence is received without objection, it will be treated as competent and given whatever weight it merits. One of defendant's affidavits avers that on April 1, 1945 Mr. Wessel, a real estate dealer in DesPlaines, "an agent of plaintiff herein," brought prospective purchasers to the premises; that he exhibited a letter from plaintiff's attorneys who are representing her in the instant case, and addressed to him (Wessel) "in connection with the sale of the

premises," and that on the same day James Graser, a salesman employed by Mr. Wessel, brought a prospective purchaser to the premises. There was no objection to this paragraph of the affidavit. Had an objection been made, defendant could have sought leave to file additional affidavits, or to submit interrogatories, or take depositions under paragraph 2 of Rule 15. We find that the affidavits presented an issue of fact as to whether plaintiff seeks in good faith to recover possession of the premises for immediate use and occupancy as a dwelling for herself, and that the court erred in entering a summary judgment.

Therefore, the judgment of the circuit court of Cook county is reversed and the cause remanded with directions to proceed in a manner not inconsistent with this opinion.

*Judgment reversed and cause remanded with directions.*

KILEY, P. J., and LEWE, J., concur.