Raymond H. Baum and Geraldine F. Baum, Appellees, v. E. P. Martin, Appellant.

Gen. No. 10,265.

Opinion filed October 14, 1948. Released for publication November 2, 1948.

ROBERT E. DOLPH, of Aurora, for appellant.

MATTHEWS, JORDAN & DEAN, of Aurora, for appellees; FRED T. DEAN, of Aurora, and RICHARD A. CAGLE, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Raymond H. Baum and Geraldine F. Baum were the owners in joint tenancy of a two-apartment building, in the City of Aurora, Illinois. E. P. Martin occupied the upper apartment as a tenant. He had been in possession of the same for several years. The owners of the property started a suit before a Justice of. the Peace in Kane county, Illinois, against the tenant for possession of the property, and on September 29, 1947, a judgment was entered in the owners' favor. From this judgment, an appeal was perfected to the circuit court of Kane county.

After the appeal had been perfected, the owners of the property filed an affidavit in said court and asked for summary judgment against the defendant for possession of the premises. The defendant did not test the sufficiency of the affidavit by motion to strike, but filed a counteraffidavit, setting up facts, as they claimed in opposition to the motion of the plaintiffs for a summary judgment. The court entered the following order: "This cause having come on for hearing on the motion of the plaintiffs, the appellees herein, for a summary judgment, and affidavit in support thereof having been filed and a counteraffidavit having been filed by the defendant, the appellant herein, and said

counteraffidavit having been considered insufficient to raise a question of fact for the jury, Therefore be it hereby ordered, adjudged and decreed that summary judgment be entered in favor of the plaintiffs herein for possession of the premises herein described.'' The tenant, E. P. Martin, has prosecuted an appeal to this court to reverse this order.

At the time that the appellant perfected his appeal from the judgment of the Justice of the Peace, he, within the proper time, filed a demand for a jury. He now insists that the court erred in rendering a summary judgment in the proceeding, because there was a disputed question of fact involved in the suit; namely, whether the appellees had demanded possession of the premises in good faith, and such question of fact should have been submitted to a jury. The appellant, by filing a counteraffidavit, admitted the sufficiency of the affidavits of the appellees, because if he had desired to test the sufficiency of plaintiffs' motion and affidavit for a summary judgment, he should have filed a written motion to strike specifying his objection to the affidavit and motion. *Scharf v. Waters,* 328 Ill. App. 525. He admits in his affidavit that the appellees had demanded possession of the premises, stating that they wanted it to live in. In his reply brief, he states: ''The appellant has never raised a question concerning the desire of the landlord to occupy the second floor apartment, whether true or not.'' In his affidavits, he states more by way of recital than a positive averment of facts, many circumstances tending to show that the appellees desired the possession of the upper flat, so that they could get more rental out of the premises, but nowhere do they deny that the appellees desired in good faith to occupy the upper apartment as their residence.

In *Scharf v. Waters, supra,* it is stated: ''If there is anything left to go to the jury the motion for a summary judgment is denied. If what is contained in the affidavits would have constituted all the evidence before the court and upon such evidence, there would be

nothing left to go to the jury, and the Court would be required to direct a verdict, then a summary judgment will be entered." *Bertlee Co., Inc. v. Illinois Publishing & Printing Co.*, 320 Ill. App. 490; *Great Atlantic & Pacific Tea Co. v. Town of Bremen*, 327 Ill. App. 393; *Shirley v. Ellis Drier Co.*, 379 Ill. 105. In the case of *Shaffer v. Bowes*, a Municipal Court of Appeals for the District of Columbia, reported in 31 Atlantic reporter, second series, 690, it is stated: "It is evident the act did not intend to prevent an owner from occupying his own premises, provided such occupancy is sought in good faith and not for the purpose of evading or defeating the purposes of the act. In such circumstances where an owner has several properties available, the choice of which one he shall occupy is for him."

In *Downs v. Karsh*, also from a Municipal Court of Appeals for the District of Columbia, 33 Atlantic reporter, second series, 620 it is stated: "There is no evidence in the record of bad faith on the part of appellant. There are some indefinite references to a petition filed by her with the rent administrator for an increase of rent, but since the office of the administrator is open to both landlord and tenant we think neither should be penalized for exercising a right given by the act. . . . It is true appellant owns another property, but where an owner has several properties available, the choice of which one he shall occupy is for him. (*Shaffer v. Bowes, supra.*)"

It is our conclusion that the appellant, having failed to test the sufficiency of appellees' affidavit for a summary judgment, and filing counteraffidavits in resisting the application for a summary judgment, the court properly found that the counteraffidavit did not state a defense to the affidavits of the appellees, and the court properly held that they were insufficient, and rendered judgment in favor of the owner of the property. The judgment appealed from is hereby affirmed.

*Judgment affirmed.*