The Hearst Corporation, a Corporation, Plaintiff-Appellee, v. Associated Trade Press, Inc., a Corporation, Defendant-Appellant.

Gen. No. 52,571.

First District, Fourth Division.

June 5, 1968.

Eugene F. Welter, of Chicago, for appellant.

Arthur Abraham and Kurt J. Salomon, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from a summary judgment granting plaintiff an injunction restraining defendant from selling, soliciting or taking orders for plaintiff's magazines. On appeal defendant contends that its motion to strike plaintiff's affidavits in support of a motion for summary judgment should have been granted, that plaintiff's motion for summary judgment should have been denied, that defendant's motion to strike the complaint should have been granted, that defendant was not afforded a fair opportunity to file an answer to plaintiff's motion for summary judgment, and that the injunction was too broad for its intended purposes.

Plaintiff's complaint stated that it owned and published a number of magazines, that in order to regulate and prevent abuses in magazine solicitation it joined with other publishers to form an association known as Central Registry, that this association did not violate the Antitrust Laws, that it included reputable subscription agencies and that defendant had been a member agency but had resigned from the Central Registry in 1954.*

---

* The articles of agreement of the Central Registry explicitly provide that each publisher may deal with nonmember subscription agencies.

The complaint further alleged that in 1949 defendant had been the subject of an order of the Federal Trade Commission requiring that it cease and desist from soliciting magazine subscriptions without properly filling the subscriber's order; that on December 13, 1966, the Federal Trade Commission had filed suit against defendant seeking damages for violation of its cease and desist order; that the files of various better business bureaus, including the Chicago Better Business Bureau as well as the files of Central Registry, contain numerous complaints alleging that defendant had accepted and retained money without filling subscriptions and had used unethical techniques in soliciting subscriptions; that some of the complaints involved plaintiff's magazines; and that plaintiff never received any of the money the complaining subscribers had paid to defendant. The complaint further stated that in 1964 defendant had told plaintiff that it would no longer sell plaintiff's magazines but that it had persisted in doing so; that defendant's agents had expressly or impliedly represented themselves to the public as being authorized by plaintiff to solicit subscriptions; that plaintiff has an absolute right to employ only those whom it wishes to sell its magazines and to prevent such implied or express misrepresentation; that the association between plaintiff and defendant in the public mind together with defendant's reputation for illegal and unethical conduct causes irreparable harm to plaintiff's goodwill and business and that defendant should be enjoined from soliciting subscriptions for plaintiff's magazines.

Defendant moved to strike the complaint and to dismiss on the ground that no cause of action was stated. The motion was denied and defendant filed its answer alleging that the cease and desist order against it was entered pursuant to a consent decree, that a motion to strike the complaint alleging that defendant had violated the cease and desist order was still pending, that plain-

234

tiff had been willing to enter into a contract with defendant for the solicitation of magazine subscriptions but defendant felt that the contract was unfair and that plaintiff had not established valuable goodwill. Its answer stated further that defendant had insufficient knowledge to deny and demand strict proof of the existence of the complaints plaintiff referred to; that it turned over to the appropriate publisher all monies received for subscriptions and that its agents did not represent themselves, either expressly or impliedly, as authorized agents of plaintiff. Finally, defendant denied that it had a reputation for illegal and unethical activity, that its reputation was causing plaintiff irreparable harm through the association between plaintiff and defendant in the mind of the public and that there was no adequate remedy at law. Defendant also filed an affirmative defense alleging that plaintiff was attempting to enforce the provisions of the Central Registry in this suit and that Central Registry was in violation of the Federal Antitrust Laws.

Plaintiff filed a reply denying that the terms of Central Registry violated the Antitrust Laws and then made a motion for summary judgment supported by affidavits. Defendant's motion to strike the affidavits was denied and plaintiff's motion for a summary judgment was granted simultaneously.

Defendant first contends that its motion to strike the affidavits plaintiff submitted in support of its motion for summary judgment should have been granted. The sufficiency of such affidavits can be tested by a motion to strike. Scharf v. Waters, 328 Ill App 525, 66 NE2d 499. In its motion defendant correctly stated the rule that the affidavit:

. . . shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify

235

competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used. (Ill Rev Stats, c 110A, § 191(a) (1967).)

Plaintiff produced six affidavits. The affidavit of Robert M. Goshorn, secretary of Central Registry, contained the minutes of a meeting of that organization at which one of the participants stated that there were complaints against defendant. This was a repetition of the statement of an unsworn witness and should have been stricken. The affidavit of Kurt Salomon contained letters affiant had received from various better business bureaus listing complaints against defendant that had been filed with the respective bureaus. The other affidavits contained letters either received initially by plaintiff or forwarded to plaintiff containing complaints that subscriptions had been paid for but the magazines never received. The contents of these letters were the statements of the senders and not evidence that could be testified to by the affiant. However, since the affiants saw these complaints, they are competent to testify to their existence. The existence of these complaints, regardless of the truth of their content, is relevant to the nature of defendant's reputation and the possible harm that could come from defendant's misrepresentation of agency. These portions of the affidavits were correctly sustained against the motion to strike.

 Defendant's next contention is that the motion for summary judgment should have been denied. In Zemel v. Chateau Royale Corp., 35 Ill App2d 313, 182 NE2d 383, the court said at page 315:

Summary judgment should not be entered unless "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is *no genuine issue as to any material fact* and that

the moving party is entitled to a judgment or decree as a matter of law." (Ill Rev Stats, c 110, § 57(3) (1961).) Moreover, the right of the moving party must be free from doubt, and accordingly, the supporting affidavits are to be construed most strongly against the movant and the entire record must be considered. J. J. Brown Co., Inc. v. J. L. Simmons Co., Inc., 2 Ill App2d 132, 118 NE2d 781. (Emphasis ours.)

Defendant argues that material issues of fact exist requiring denial of plaintiff's motion. Defendant's answer denied (1) that it had caused plaintiff irreparable injury; (2) that its agents misrepresented themselves; (3) that it was associated with plaintiff in the mind of the public; (4) that it wrongfully retained money for unfilled subscriptions; and (5) that it had a reputation for illegal or unethical dealings. Although portions of plaintiff's supporting affidavits stated that many complaints were filed against defendant, these do not, by themselves, establish a reputation for illegal or unethical conduct. We believe that these material questions of fact precluded the granting of plaintiff's motion for summary judgment.

Because defendant conceded at oral argument that the complaint stated a cause of action we need not consider its contention that its motion to strike the complaint should have been granted. We find it unnecessary to consider any of defendant's remaining contentions.

The judgment of the Circuit Court is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

McCORMICK, P. J. and ENGLISH, J., concur.