LORENE ANDERSON, Plaintiff-Appellant, *v.* FRANK DORICK *et al.*, Defendants-Appellees.

( No. 74-196;

Third District—May 9, 1975.

Lawrence W. Propp, of Peoria, for appellant.

James V. Cunningham, of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Anderson brought this action for unlawful conversion against her landlord Dorick and against Heights Finance Corporation (hereafter called "Heights"), alleging that defendants unlawfully entered her premises and took possession of certain items of household furnishings belonging to her. The Circuit Court of Peoria County granted defendants' motion for summary judgment, and plaintiff appeals.

In her complaint, plaintiff alleged that she was legally in possession of her premises as a tenant on June 30, 1971, and was the owner of certain household goods, which the defendants, without her knowledge or consent, took away and converted to the use of Heights, and that defendants have refused to return such property. Plaintiff asks for $2,000 actual damages and $5,000 exemplary damages.

After answering the complaint with a general denial, defendants filed their motion for summary judgment with a supporting affidavit, asserting that plaintiff had defaulted on her lease and was no longer entitled to possession of the premises and that defendants took possession of her furnishings under the terms of an installment sales contract on which plaintiff had also defaulted. Plaintiff responded with a motion to strike the motion for summary judgment supported by her affidavit. The court

denied her motion to strike and allowed the motion for summary judgment.

On appeal, plaintiff asserts that the affidavit in support of defendant's motion for summary judgment was insufficient to meet the requirements of Supreme Court Rule 191 (Ill. Rev. Stat., ch. 110A, par. 191). The purpose of the affidavit is to demonstrate the testimony that would be offered at trial so that the court can determine whether such evidence, considered with the pleadings, would leave no material issues of fact for jury determination, and would require the court to direct a verdict. (*Fooden v. Board of Governors*, 48 Ill.2d 580, 272 N.E.2d 497 (1971), *cert. denied*, 408 U.S. 943, 33 L.Ed.2d 766, 92 S.Ct. 2847 (1971).) It has been held that, while summary judgment is a procedure to be encouraged, it should be awarded with some caution so as not to preempt the right to a trial by jury or the right to present fully the factual basis for a case where a material dispute may exist. (*Yuhas v. Allis-Chalmers Distribution Service Corp.* 12 Ill.App.3d 814, 299 N.E.2d 166 (1st Dist. 1973); *Ruby v. Wayman*, 99 Ill.App.2d 146, 240 N.E.2d 699 (2nd Dist. 1968).) Accordingly, the pleadings and affidavits must be construed most strictly against the moving party and most liberally in favor of the opponent. *Clausen v. Ed Fanning Chevrolet, Inc.*, 8 Ill.App.3d 1053, 291 N.E.2d 202 (3d Dist. 1972).

Supreme Court Rule 191 requires affidavits in support of a motion for summary judgment to be made on the personal knowledge of the affiants; to set forth with particularity the facts upon which the defense is based; to have attached thereto sworn or certified copies of all papers upon which the affiant relies; to consist of facts admissible in evidence and not mere conclusions; and to show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. Examination of defendant's affidavit shows that these requirements were not met, and that it was insufficient, as follows:

1. Nothing within the affidavit shows that it was made on the personal knowledge of affiant, but rather it purports to set out matters some of which were within the personal knowledge of Blum Furniture Co., Heights Finance Co., and Dorick, respectively. Affiant (whose signature is illegible) is represented as the "authorized agent" of Dorick and Heights, but nothing in the record indicates the nature or scope of that agency to show personal knowledge of the facts.

2. The affiant asserts a retail installment contract, a recorded security agreement, and a release signed by plaintiff as defenses, but the contract was not attached and the copies of the agreement and release attached were not sworn or certified copies.

3. Numerous conclusions are set forth within the affidavit such as that

Dorick has a lien upon the furniture for unpaid rent, and that Heights had a right to possess all furniture covered by the security agreement, including after-acquired furniture.

4. Nothing in the affidavit affirmatively shows that the affiant would be competent to testify to the matters asserted.

In view of the insufficiency of the affidavit, it should not have been considered by the court in ruling on the summary judgment motion. When the affidavit is eliminated, the court has only the allegations contained in the pleadings to consider. (*Standard Oil Co. v. Lachenmyer*, 6 Ill.App.3d 356, 285 N.E.2d 497 (1st Dist. 1972).) Here the pleadings clearly establish material issues of fact.

■■ Defendants contend that the question of the sufficiency of the affidavit is not before this court because plaintiff did not file a motion to strike the affidavit itself, and thus the issue was not properly raised in the trial court. Defendant cites cases where a motion to strike the affidavit was considered, but those decisions do not purport to require that such motions be the exclusive remedy for testing the sufficiency of the affidavit. (See *Hearst Corp. v. Associated Trade Press, Inc.*, 96 Ill. App.2d 231, 238 N.E.2d 231 (1st Dist. 1968); *Scharf v. Waters*, 328 Ill. App. 525, 66 N.E.2d 499 (1st Dist. 1946).) Neither the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 57) nor the Supreme Court Rules (Ill. Rev. Stat., ch. 110A, par. 191) mention the method of testing sufficiency. The Illinois Supreme Court in *Fooden v. Board of Governors* has said that an objection to the sufficiency of an affidavit should be made "either by motion to strike, *or otherwise* \* \* \*." (Emphasis added.) (48 Ill.2d 580, 587.) Clearly this language does not impose an additional requirement that the motion to strike be directed specifically to the affidavit.

We believe that here plaintiff's motion to strike the summary judgment motion was a proper means of attacking the supporting affidavit and that objections to the affidavit set out in that motion showed the affidavit to be insufficient, as noted above. As a result the ruling of the court which allowed the motion for summary judgment was erroneous, and accordingly the judgment is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, P. J., and BARRY, J., concur.