TONNINA BOWEN, A Minor by and through her Mother and Next Best Friend, Bette Bowen, Plaintiff-Appellant, v. THE CITY OF HARVEY, Defendant-Appellee.

First District (2nd Division)   No. 86—2971

Opinion filed December 1, 1987.

Josette Belvedere, of Chicago, for appellant.

Albert E. Durkin, of Alfieri, Abbene, Durkin & Dailey, of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:
Plaintiff, a minor pedestrian, originally brought suit against one

William B. Walker for personal injuries caused by the negligent operation of his car in Harvey, Illinois. The complaint was amended to add, as defendant, the City of Harvey, alleging that an obstacle upon the pedestrian pathway adjacent to the scene of the accident caused the minor to detour into the vehicular portion of the roadway where she was hit by Walker's car. It was further alleged that the City of Harvey permitted or failed to prevent the obstacle in violation of its duty to keep its streets reasonably free from hazards.

The City of Harvey filed a motion for summary judgment alleging that it neither owned nor controlled the land upon which the obstacle was located, and thus owed no duty to plaintiff. The trial court granted defendant's motion and plaintiff appeals.

The pathway in question is located between the vehicular portion of the street and the homes along its east side in Harvey, Illinois. This pathway, upon which plaintiff was proceeding prior to the accident, is bordered by facades of the homes on the east side. The pathway itself is approximately the width of two cars parked side by side parallel to the pathway or one car parked perpendicular to the pathway with some overhang onto the paved roadway. The pathway is unpaved and consists of dirt and gravel.

Plaintiff contends that as she was proceeding in a northerly direction along the pedestrian portion of the street, it was necessary to pass around a vehicle which was parked perpendicular to and completely blocking the pedestrian pathway. She contends that the position of the vehicle forced her into the paved roadway, where she was struck by Walker's vehicle.

· The amended complaint alleges that the City of Harvey owned, maintained, managed, controlled and held out to the public as being safe for pedestrian travel certain public streets, including this street, which is within the corporate limits of Harvey. It alleged that Harvey made no attempts to prevent parking along the pedestrian pathway and pedestrians were forced to go into the vehicular portion of the street.

Upon motion for summary judgment, the trial court found that the City of Harvey owed no duty to maintain the property or remove the obstacle and entered summary judgment in favor of the City of Harvey.

■■ Summary judgment is proper where the pleadings, depositions and admissions on file, together with any affidavits and exhibits, show that there is no genuine issue as to any material fact. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457.) A reviewing court will reverse an order granting sum-

mary judgment if it determines that a material question of fact does exist because summary judgment is inappropriate under such circumstances. (*Presto Manufacturing Co. v. Formetal Engineering Co.* (1977), 46 Ill. App. 3d 7, 10, 360 N.E.2d 510.) In making its determination, a court must construe the pleadings strictly against the moving party and liberally in favor of the opponent. If the facts admit of more than one conclusion or inference, including one unfavorable to the moving party, the motion for summary judgment should be denied. 46 Ill. App. 3d at 10.

■ A necessary predicate of tort liability is a duty owed to the plaintiff. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39.) A municipality owes the public no duty to maintain public thoroughfares over which it has no jurisdiction or control. (*Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 404 N.E.2d 213.) A municipality's duty to maintain a public improvement does not commence until an improvement is actually undertaken. (*Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.) The fact that a municipality could have performed maintenance work on an area does not mean that the municipality actually exercised maintenance jurisdiction or control. (*Nicholson v. City of Danville* (1986), 147 Ill. App. 3d 682, 690, 498 N.E.2d 273.) Therefore, the determinative question is whether the City of Harvey actually exercised control over and was obligated to maintain the land at issue. 147 Ill. App. 3d at 690.

■ The affidavits and depositions of record state that the street in question was not owned by the City of Harvey but was a State highway owned by adjacent property owners and maintained and controlled by the State of Illinois. There is no evidence that the City of Harvey owns, maintains, or controls the land in question.

Otis Gilmore, the commissioner of streets and sanitation for the City of Harvey, stated, in his amended affidavit, that the street in question is within the corporate limits of Harvey, but is not owned, maintained, or controlled by Harvey. He stated that the street is a public highway under the jurisdiction of the State of Illinois and is maintained and controlled by the State of Illinois. Gilmore's deposition revealed that no records exist to indicate that the City of Harvey owned the area involved in the accident.

Joseph Koster, safety and claims manager for District One, Department of Transportation of the State of Illinois, stated in his affidavit that the street in question was not owned by the Illinois Department of Transportation, but owned by the adjacent property owners. He stated that the highway was dedicated by the adjacent land own-

ers for the purpose of a public highway.

Koster's deposition revealed that the street was designated as a State highway which was constructed and maintained by the State of Illinois with the use of State funds. He stated that the State of Illinois maintained the highway, which included resurfacing, paving, snow removal and anything reasonably necessary to retain the road in good condition for vehicular traffic. He stated that the property is unquestionably under the jurisdiction of the State of Illinois and that the maintenance of the shoulder on either side of the 40-foot-wide street was also maintained by the State of Illinois.

Further, the evidence in the instant case is uncontradicted that there were no improvements made by the City of Harvey upon the property in question. The pathway was not paved and consisted of dirt and gravel.

In light of the foregoing, it is clear that the documents of record show that no genuine issue as to any material fact exists. It is uncontroverted that the property in question is not owned, controlled, maintained, or otherwise under the jurisdiction of the City of Harvey. Therefore, the City of Harvey owes no duty to maintain the property or remove the obstacle alleged to be the cause of plaintiff's injuries. Summary judgment in favor of the City of Harvey was proper.

Affirmed.

SCARIANO, P.J., and STAMOS, J., concur.