JOSEPH L. HAVENS, a Minor by Linda Havens, his Mother and Next Friend, *et al.*, Plaintiffs-Appellants, v. HARRIS TOWNSHIP *et al.*, Defendants-Appellees (Lorrie Dilts, d/b/a Marietta Tap, *et al.*, Defendants).

Third District   No. 3—88—0136

Opinion filed October 24, 1988.

James J. Elson, Chartered, of Canton (James J. Elson, of counsel), for appellants.

Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria (Bradley W. Dunham, of counsel), for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This appeal involves a collision between the plaintiff's minibike and a Ford truck driven by 27-year-old James Jones. The 11-year-old plaintiff, Joseph Havens, sustained serious injuries to his left leg and arm. The collision occurred on a narrow, twisting, rural, gravel road

in Harris Township, a township of Fulton County, Illinois. The original action involved a dramshop claim as well as a claim against Harris Township and the Harris Township road commissioner. The dramshop portion of the suit was settled and the plaintiff now seeks damages from the township and the road commissioner. The trial court granted defendants' motion to dismiss the plaintiff's fourth amended complaint for failure to state a cause of action. We affirm.

The plaintiff alleges on appeal that the defendants breached three duties: (1) the duty to maintain the roadway in question in a reasonably safe condition; (2) the duty to warn of the alleged dangerous conditions on the roadway; and (3) the duty to mow and trim weeds and brush alongside the roadway.

■■ At the outset, it is important to note that the plaintiff's complaint is deficient of any specific allegations about how the condition of the roadway actually caused the accident. Instead, the plaintiff complains about the generalized condition of the roadway in question. The plaintiff alleges that the width of the road, the grade of the road, the failure to mow weeds and brush alongside the road, and the failure to have warning signs all combined to make the road unsafe and dangerous. These allegations are insufficient to support a cause of action.

■ The plaintiff agrees with the defendants' brief that a public entity has no obligation to undertake or create public improvements. (*Harding v. Chicago Park District* (1975), 34 Ill. App. 3d 425.) Rather, the plaintiff argues that the defendants had a duty to maintain the township road involved in a reasonably safe condition. The problem with this reasoning is that the conditions of the roadway in question have remained constant since its creation. It is a one-lane, twisting, gravel country road with trees and vegetation bordering the road on both sides. Thus, to make the roadway safer according to the plaintiff's standards, the defendants would have to change the character of the road itself. This necessitates improving the roadway in some form or fashion, a matter which the plaintiff concedes the defendants are not obligated to do.

■ The plaintiff's reliance on the Local Governmental and Governmental Employees Tort Immunity Act to create such a duty in the instant case is misplaced. (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*) The plaintiff argues that this Act imposes a duty on the township to maintain the road in a reasonably safe condition. Illinois courts, however, have repeatedly held that the Tort Immunity Act does not impose duties, but confers immunities. As the Fourth District stated in *Porter v. City of Urbana* (1980), 88 Ill. App. 3d 443, 445:

"The Tort Immunity Act is not a catalog of duties or a source of rights; it does not create new liabilities where none already exist. (*Hannon v. Counihan* (1977), 54 Ill. App. 3d 509, 369 N.E.2d 917.) Thus, we must look to other statutes and to the common law to determine whether the complaint states a cause of action."

Moreover, it is clear that the common law does not impose such a duty in the present case. A township has no common law duty to widen roads, smooth gravel, erect signs, or mow weeds. A duty only arises when a public improvement is actually undertaken. (*Bowen v. City of Harvey* (1987), 164 Ill. App. 3d 637.) Absent a statutory or common law duty, it is up to the township's discretion to decide whether such road improvements were necessary. And, it is well settled that a public official has an absolute immunity from lawsuits challenging his acts of judgment or discretion. *Kirchgessner v. County of Tazewell* (1987), 162 Ill. App. 3d 510.

The law is also clear that if there is no duty to undertake the public improvement in the first instance, then there is no corresponding need to warn of any alleged dangerous condition resulting from the lack of undertaking the public improvements. (*Risener v. City of Chicago* (1986), 150 Ill. App. 3d 827.) Furthermore, the posting of a sign is up to the township's discretion. *Stephens v. Cozadd* (1987), 159 Ill. App. 3d 452.

■ Finally, the plaintiff claims that the defendants had a statutory duty to mow and trim vegetation along the roadway. The noxious weed control statute relied upon by plaintiff (Ill. Rev. Stat. 1985, ch. 121, par. 9—111), is a penal statute which provides for criminal penalties for failure to prevent the spread of noxious weeds deemed harmful to public health, crops, livestock, land or other property. The purpose of the statute is to control noxious weeds for reasons quite distinct from visibility. This statute, for instance, says nothing about such visibility-obstructing plants as hedges, shrubs and trees. Accordingly, the statute has no application to the case at hand.

The judgment of the trial court is affirmed.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.