LINDA BRANNOCK, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 88—0288

Opinion filed February 1, 1989.

146

Robert J. Biswurm and Kurt D. Hyzy, both of Chicago (Biswurm & Myers, Ltd., of counsel), for appellant.

Judson H. Minor, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Nina Puglia, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Linda Brannock appeals from an order of the circuit court granting a motion for summary judgment filed by defendant, the City of Chicago. Plaintiff argues that a genuine issue of material fact existed and, therefore, the court erred in granting the city's motion.

Plaintiff was injured when the motorcycle on which she was a passenger struck a barrier curb located at 3800 north on Lake Shore Drive in Chicago. Plaintiff filed suit against the city alleging that it had carelessly and negligently designed, constructed, and maintained the portion of Lake Shore Drive where the accident occurred.

The city filed a motion for summary judgment alleging that it was not responsible for the design, construction, or improvement of the portion of Lake Shore Drive in question; that Lake Shore Drive was constructed by the State of Illinois; and that the city's sole responsibility with respect to that portion of Lake Shore Drive was the performance of routine surface repairs to the roadway and median. In support of its motion for summary judgment, the city presented the affidavit of Richard Callbeck, deputy commissioner of the bureau of streets, department of streets and sanitation. Callbeck stated that he had personal knowledge of the relevant records and that if called as a witness he would testify that Lake Shore Drive is an extension of the State highway system and that the city was not responsible for the construction, design, or improvement of the portion of the roadway in question. Callbeck also stated that the city and the State had entered into a maintenance agreement under which the city was responsible for performing routine maintenance, such as surface and pothole repairs, and that this was the city's sole responsibility with respect to the roadway. Attached to Callbeck's affidavit was a copy of the 1984-85 maintenance agreement between the city and the State. Also attached was a State of Illinois, Department of Transportation, computation sheet. However, the computation sheet did not refer to the portion of Lake Shore Drive in question.

In response, plaintiff filed a pleading entitled "Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment," in which she alleged that the records attached to Callbeck's affidavit were not sworn or certified; that the records made no reference to who was responsible for constructing, designing, or improving Lake Shore Drive; and that they made no reference to the 3800 block of North Lake Shore Drive.

Subsequently, the city sought leave to file an amended motion for summary judgment. This motion was identical to the city's original motion except that the computation sheet attached to the original motion was replaced by one referring to the correct portion of Lake Shore Drive. The court granted the city leave to file the amended motion at a hearing held on October 16, 1987. At that same hearing, the court ordered that plaintiff's motion to strike be addressed to the city's amended motion and set a hearing for November 13, 1987. On that date, both the city's motion for summary judgment and plaintiff's motion to strike were continued until December 22, 1987. At the December 22 hearing, the court denied plaintiff's motion to strike and entered summary judgment for the city. Plaintiff appeals.

Plaintiff contends that the trial court erred in entering sum-

mary judgment for the city because the city's motion and its attachments did not resolve all issues of material fact concerning the city's responsibility for the portion of the roadway in question. Citing the Illinois Supreme Court's decision in *Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 404 N.E.2d 213, plaintiff argues that because the city's motion failed to show any acts by the State divesting the city of jurisdiction over the property, summary judgment was improper.

In *Janssen*, a motorcyclist was injured when he struck a traffic island while travelling on a State-owned street. The island was located immediately south of the intersection of Standford Avenue, which marked the southern boundary of the city of Springfield, and Fifth Street, which was owned by the State. Janssen filed suit against the City of Springfield, alleging that the city was negligent in failing to remove the traffic island and in failing to warn motorists of the hazard. In an appeal filed by the city following a judgment for Janssen, the supreme court held that because the State planned, constructed, and maintained the traffic island, the trial court erred in refusing to direct a verdict for the city on the count alleging that the city was negligent in failing to remove the island. However, the court also noted that the city had control over Fifth Street north of the intersection of Standford and Fifth, that the traffic island was located just a few feet south of the city-controlled portion of Fifth Street, and that the island blocked the continuation of the outer part of Fifth Street and thus presented a hazard to motorists using the city-controlled part of the street. Therefore, the court found that the city had a duty to warn motorists of the island since it constituted a hazard incidental to that portion of the roadway still under the city's control.

In the present case, plaintiff argues that the city failed to produce evidence sufficient to establish that the portion of Lake Shore Drive in question was under the State's control. Plaintiff further argues that even if the State was in control of the roadway, the city might have owned adjacent property and thus owed a duty under *Janssen* to warn of the alleged hazard. This argument is without merit.

In *Janssen*, the traffic island that constituted the hazard was located immediately to the south of a city-controlled street and it was clear that motorists using the city-controlled portion of Fifth Street would encounter the hazard if they continued past Standford Avenue, the southern boundary of the city. Therefore, the supreme court ruled that the city had a duty to warn of the hazard. In *Predny v. Village of Park Forest* (1988), 164 Ill. App. 3d 688, 518 N.E.2d 1243, another case relied upon by plaintiff, a 10-year-old boy was severely injured

when he was struck by a truck while riding his bike on a Park Forest bike path. The accident occurred at the intersection of the bike path and a shopping center driveway where the path was lined with lilac bushes, which prevented a clear view of the driveway. Summary judgment was entered for the village after it produced evidence that it did not own the property on which the accident occurred. In reversing the trial court, the appellate court pointed out that although the village did not own the intersection where the accident occurred, it owned all of the bike path except the 7½ feet before the intersection, that the village had required the lilac bushes to be planted, that the bushes extended 3.9 feet over village property, and that a village employee was charged with trimming them. The court found that these facts supported an inference that the village exercised such control and maintenance over the accident area that it owed plaintiff a duty to maintain it in a reasonably safe manner.

The complaint in the present case alleged that plaintiff's accident occurred at 3800 north as she was travelling north in the western-most lanes of Lake Shore Drive. The city's motion for summary judgment established that the State owned Lake Shore Drive between Fullerton (2400) and Irving Park Road (4000). Thus, it appears that plaintiff's accident occurred nearly two miles into a stretch of State-owned property, and this case is clearly distinguishable from *Janssen* and *Predny*, where the accidents were caused by hazards on property that was located within a few feet of city-owned property.

■ Plaintiff's claim that the city's motion failed to allege facts sufficient to establish the State's ownership of and control over Lake Shore Drive is equally without merit. As support for her arguments concerning the sufficiency of the city's motion, plaintiff relies on *Bowen v. City of Harvey* (1987), 164 Ill. App. 3d 637, 518 N.E.2d 203, and *Heintz v. Vorwerk* (1983), 115 Ill. App. 3d 899, 451 N.E.2d 551.

In *Heintz*, the City of Kankakee moved for summary judgment in an action brought by a plaintiff injured in an automobile accident that occurred at an intersection located in the city. After the city produced a construction agreement, showing that the State had undertaken to widen, improve, and maintain the intersection, and a maintenance agreement, similar to the one involved in the present case, under which the city had agreed to perform routine surface repairs, the trial court entered summary judgment for the city. The appellate court affirmed, holding that the agreements established that the city only had limited rights and responsibilities with respect to the street.

In *Bowen*, the City of Harvey based its motion for summary judgment on the affidavit of the city's commissioner of streets and sanita-

tion and the affidavit of the State of Illinois Department of Transportation's safety and claims manager. The affidavits stated that the street in question was not owned by the City of Harvey and that the State of Illinois constructed the street and maintained it as a State highway.

In the present case, the computation sheet attached to the city's motion for summary judgment indicated that the portion of Lake Shore Drive in question was built by the State. In addition, the maintenance agreement stated that the street was being used as an extension of the State's highway system and it established that the city's responsibilities with respect to that portion of Lake Shore Drive were limited, as in *Heintz*, to surface repairs, cleaning and litter pickup, snow and ice removal, and other similar duties.

■ Plaintiff points out that in *Bowen* the city submitted the affidavit of a State employee as well as the affidavit of its own employee and argues that, in the present case, the affidavit of the city's agent, standing alone, is insufficient to establish that the portion of Lake Shore Drive in question was under State control. Plaintiff cites no authority for this claim and we note that there is nothing in the summary judgment statute (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) which requires a movant to produce additional affidavits when its own or those of its agent clearly establish that it is entitled to summary judgment. See, *e.g., Prather v. Decatur Memorial Hospital* (1981), 95 Ill. App. 3d 470, 420 N.E.2d 810, where the affidavit of a defendant was held to provide a sufficient basis for entry of summary judgment in his favor.

Callbeck's affidavit and its attachments state that the portion of Lake Shore Drive in question was built by the State and that the city's sole responsibility was the performance of routine maintenance. These facts, which must be taken as true because of plaintiff's failure to file counteraffidavits in opposition to the city's motion for summary judgment, clearly provide a sufficient basis for the trial court's entry of summary judgment for the city.

■ Plaintiff argues that she was given no opportunity to obtain counteraffidavits in opposition to the city's motion for summary judgment and that the trial court erred in denying her motion to strike and granting the city's motion in the same hearing without giving time to respond. However, we note that there is nothing inherently improper in a trial court denying a party's motion to strike an affidavit and granting an opponent's motion for summary judgment in the same hearing. (See *Anderson v. Dorick* (1975), 28 Ill. App. 3d 225, 327 N.E.2d 541; *Hearst Corp. v. Associated Trade Press, Inc.* (1968),

96 Ill. App. 3d 231, 238 N.E.2d 231.) Further, the record shows that the city's motion was originally filed on August 11, 1987, that both plaintiff's motion to strike and the city's motion for summary judgment were continued to December 22, 1987, and that at no time prior to, during, or after the hearing did plaintiff indicate that she wished to respond to the city's motion.

In *Winger v. Richards-Wilcox Manufacturing Co.* (1961), 33 Ill. App. 2d 115, 178 N.E.2d 659, a defendant's motion to strike and a plaintiff's motion for summary judgment were granted at the same hearing and in the absence of the defendant. On appeal, the court stated that when both a motion for strike and a motion for summary judgment are set for hearing on the same date, upon denial of its motion to strike, a party should ask leave for time to file affidavits in response to the motion for summary judgment. The court also stated that after the plaintiff's motion for summary judgment was granted it was proper for defendant to seek leave to file counteraffidavits in response to the motion for summary judgment. The court added that whether to grant leave to file was within the discretion of the trial court.

Here, unlike *Winger*, plaintiff was present when the trial conducted its hearing on the motion to strike and the motion for summary judgment, yet, she never requested leave to respond to the city's motion either before or after it was granted. The transcript of the hearing reveals that after hearing the arguments of both parties, and discussing the merits of plaintiff's motion to strike, the trial court began a discussion of the law relevant to the issue of whether summary judgment was proper in actions against a municipality for injuries occurring on State-owned property within the municipality. Citing *Bowen, Heintz*, and other authorities, the court concluded that the city owed no duty to plaintiff and granted the motion for summary judgment.

During the course of the trial court's discussion, plaintiff made no attempt to advise the court that she desired an opportunity to file affidavits in response to the city's motion, nor did she seek leave to file counteraffidavits after the court granted the city's motion. Thus, plaintiff has waived any objection to the trial court's actions. See *Prendergast v. Rush-Presbyterian-St. Lukes Medical Center* (1979), 78 Ill. App. 3d 538, 397 N.E.2d 432.

The city's motion, affidavit, and attachments clearly indicated that the State and not the city was responsible for the construction and design of the portion of Lake Shore Drive in question. Therefore, the trial court properly denied plaintiff's motion to strike and in the

152

absence of any other evidence, the court properly entered summary judgment for the city.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

FREEMAN, P.J., and McNAMARA, J., concur.