JUANITA BAINTER *et al.*, Plaintiffs-Appellants, v. CHALMERS TOWN-SHIP, Defendant-Appellee.

Third District No. 3—89—0537

Opinion filed June 8, 1990.

Charles N. Edmiston, of Kanoski & Associates, of Rushville (Ronald Kanoski, of counsel), for appellants.

Gregory Cerulo, of Quinn, Johnston, Henderson & Pretorius, of Peoria (Brian P. Mack, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Juanita and Lynn Bainter, appeal from the trial court's granting the defendant's, Chalmers Township's, motion to dismiss count V of their complaint. This appeal involves a collision between the Bainters' automobile and a school bus. The collision occurred on Timberhill Road in Chalmers Township (the township), a township of McDonough County, Illinois. The trial court granted the township's motion to dismiss count V of the complaint for failure to state a cause of action relying on this court's decision in *Havens v. Harris Township* (1988), 175 Ill. App. 3d 768, 530 N.E.2d 284. The trial court, pursuant to Supreme Court Rule 304(a), made its judgment final and appealable. (107 Ill. 2d R. 304(a).) We affirm.

On appeal, the Bainters ask this court to reverse our holding in *Havens* or find the instant case distinguishable from *Havens*. The Bainters further request that this court follow the reasoning in *Long v. Friesland* (1988), 178 Ill. App. 3d 42, 532 N.E.2d 914, wherein the court found the clearing of brush from alongside a road to be a ministerial act.

We will continue to adhere to our decision in *Havens*. A township has no common law duty to widen roads, smooth gravel, erect signs, or mow weeds (*Havens v. Harris Township* (1988), 175 Ill. App. 3d 768, 530 N.E.2d 284), and a public official has an absolute immunity from lawsuits challenging his acts of judgment or discretion. (*Kirchgessner v. County of Tazewell* (1987), 162 Ill. App. 3d 510, 516 N.E.2d 379.) Absent a statutory or common law duty, moreover, it is up to the township's discretion to decide whether road improvements, such as clearing the brush in the instant case, were necessary. *Havens*, 175 Ill. App. 3d at 771, 530 N.E.2d at 285.

Accordingly, the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.