ROBERT N. FRANCIS et al., Plaintiffs-Appellants, v. JAMES MILLS, Monmouth Township Road Commissioner, et al., Defendants-Appellees.— ROBERT N. FRANCIS et al., Plaintiffs-Appellants, v. MONMOUTH TOWNSHIP et al., Defendants-Appellees.

Third District   Nos. 3—90—0215, 3—90—0762 cons.

Opinion filed May 31, 1991.

B. Douglas Stephens, of Wessels, Cleaver & Stojan, P.C., of Rock Island (Mark Tarnow, of counsel), for appellants.

Hafele, Thiemann & Carter, of Peoria (Bruce Thiemann, of counsel), for appellees James Mills and Douglas Connell.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Robert and Elizabeth Francis, appeal from a judgment of the circuit court of Warren County dismissing their action against the defendant, Monmouth Township. This appeal involves an automobile collision which occurred on a public highway maintained by Monmouth Township on August 1, 1987. The plaintiffs' initial and amended complaints named as defendants the following parties: Wendell Larson, Hale Township road commissioner; Thomas Simms, Hale Township supervisor; James Mills, Monmouth Township road

commissioner; Douglas Connell, Monmouth Township supervisor; and Warren County.

Mills and Connell obtained summary judgment in their favor on February 20, 1990. The trial court found that Mills and Connell had statutory immunity under section 2—201 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 2—201) (Act). Subsequently, on March 12, 1990, the plaintiffs filed a third amended complaint, naming for the first time Monmouth Township as defendant. Monmouth Township then filed a motion to dismiss in which it asserted that the plaintiffs' action was barred by the statute of limitations. The trial court agreed and dismissed the complaint on September 10, 1990. We have consolidated the appeal of both judgments, and because we find that both the individual township officials and the township itself do not owe the plaintiffs a duty in the instant case, we need not address the statute of limitations question.

The plaintiffs allege, *inter alia*, that Monmouth Township was negligent for having posted a yield sign which did not conform to the Federal Manual on Uniform Traffic Control Devices for Streets and Highways (Manual). The Manual has been adopted in Illinois to govern local traffic control devices. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—301.) We address whether the maintenance of a traffic control sign is a ministerial or discretionary function for a township government.

■ In two recent cases, this court has found the posting of traffic control signs and the clearing of brush from a highway to be discretionary functions of township government. (*Havens v. Harris Township* (1988), 175 Ill. App. 3d 768, 530 N.E.2d 284; *Bainter v. Chalmers Township* (1990), 198 Ill. App. 3d 540, 555 N.E.2d 1195.) In the instant case, we find the moving, changing or upgrading of an existing traffic control sign to be a matter of discretion for township government.

■ The plaintiffs contend that the Manual makes mandatory the location and choice of a traffic control sign and that employees have no discretion as to conforming the traffic control sign to the Manual. However, section 3—105(b) of the Act provides in relevant part:

> "(b) Without implied limitation, neither a public entity nor a public employee is liable for any injury caused by the failure of a local public entity *** to upgrade any existing *** highway, *** or the signals, signs, markings, traffic or pedestrian control devices *** on or near such *** highway." Ill. Rev. Stat. 1989, ch. 85, par. 3—105(b).

██ Furthermore, absent a statutory or common law duty, a public official has an absolute immunity from lawsuits challenging his acts of judgment or discretion. (*Havens v. Harris Township* (1988), 175 Ill. App. 3d 768, 530 N.E.2d 284.) Even assuming the Manual creates an exception to the above-mentioned statute, we note that the Manual itself creates an exception for those nonconforming signs in use prior to January 1, 1985, under section 11—301(a) of the Illinois Rules of the Road. (See Ill. Rev. Stat. 1989, ch. 95½, par. 11—301(a).) This, in many ways, makes the decision to replace or upgrade an existing traffic control sign even more discretionary for township officials. For, along with budgetary concerns, the township officials need to decide whether the Manual is advisory or mandatory, whether the sign in question conforms to the Manual, and finally whether the sign was in use prior to January 1, 1985. Accordingly, we find the decision to replace or upgrade an existing traffic control device to be discretionary.

For these reasons, we affirm the judgments of the circuit court of Warren County.

Affirmed.

McCUSKEY and HAASE, JJ., concur.