No. 3-04-0794

_____

_____

Filed May 11, 2006
APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

_____

_____

| | | |
|---|---|---|
| LAUREN KIRSCHBAUM | ) | Appeal from the Circuit Court |
| | ) | for the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois |
| | ) | |
| v. | ) | |
| | ) | |
| THE VILLAGE OF HOMER GLEN, | ) | |
| HOMER TOWNSHIP, HOMER TOWNSHIP | ) | |
| HIGHWAY DEPARTMENT, HOMER | ) | No. 03 L 544 |
| TOWNSHIP ROAD COMMISSIONER | ) | |
| FRANKLIN E. DUNN, WILL COUNTY, | ) | |
| WILL COUNTY DEPARTMENT OF | ) | |
| HIGHWAYS and WILL COUNTY | ) | |
| ENGINEER SHELDON C. LATZ, | ) | |
| | ) | Honorable Richard J. Siegel |
| Defendants -Appellees. | ) | Judge, Presiding. |

_____

_____

JUSTICE McDADE delivered the opinion of the court:

_____

_____

On appeal, plaintiff driver attempts to show the order of the Will County circuit court

granting defendants' motion to dismiss was improper because defendants owed plaintiff a duty to

prevent trees and brush from obstructing her view of oncoming traffic. The resolution of

plaintiff's claim requires the examination of three issues: (1) whether section 3-102(a) of the

Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/3-

102(a)(West 2002)) imposes a duty upon defendants to trim or remove obstructive trees,

shrubbery and foliage from defendants' street intersections; (2) whether the holding in *First National Bank in DeKalb v. City of Aurora*, 71 Ill. 2d 1, 12, 373 N.E.2d 1326, 1331 (1978), requires a finding that defendants were under such a duty; and (3) whether such a duty exists under any applicable statute or the common law. Upon review, we not only find defendants did not owe plaintiff a duty to remove such obstacles from the intersection, but also that plaintiff's negligence claim would fail because of her inability to show that if such a duty existed, defendants' breach was the proximate cause of her injuries. We affirm the trial court's dismissal of plaintiff's claim.

FACTS

The incident in question occurred at the intersection of Parker Road and Chicago Road, in Homer Township, a township of Will County, Illinois. Parker Road runs north and south. Chicago Road runs east and west. The intersection of the two is controlled by stop signs at each corner. Plaintiff alleges that property adjacent to the northeast corner of the intersection has trees, shrubbery and other foliage that prevent southbound motorists from seeing westbound vehicles.

On September 5, 2002, at about 5:45 p.m., plaintiff was driving her car south on Parker Road. Also at that time, a car driven by Sam Blatt was heading westbound on Chicago Road. When plaintiff reached the intersection, she made a complete stop for the stop sign located on the northwest corner and then continued to drive south into the westbound lane of the intersection. Plaintiff claims she was unable to see Blatt's approaching vehicle because her view was blocked by the obstacles on the northeast corner. Plaintiff does admit, however, to being able to see the stop sign at the northwest corner of the intersection that controlled her progress.

2

As plaintiff's car entered the intersection, Blatt's car also entered from the east and struck plaintiff's driver-side door at about 45 miles per hour. Blatt admitted disobeying the stop sign on the northeast corner of the intersection, claiming that the sun blinded him and he could not see the stop sign. There was no contention that Blatt's vision of the stop sign was obscured by brush. As a result of injuries sustained in the accident, plaintiff's left leg is deformed and an inch shorter than her right leg.

Subsequently, plaintiff filed a one-count complaint against defendants, Village of Homer Glen, Homer Township, Homer Township Highway Deptartment, the Homer Township Road Commissioner, Will County, Will County department of highways and the Will County engineer. In her complaint, plaintiff alleged the collision would not have occurred if the defendants had removed the obstructions which blocked her view. She claimed the defendants breached their duty of care to maintain their property in a reasonably safe condition by failing to keep the northeast corner free from obstacles. Plaintiff concludes that this created an unreasonable risk of harm and violated section 3-102(a) of the Tort Immunity Act. In response, defendants filed motions to dismiss pursuant to section 2-619 and 2-615 of the Illinois Code of Civil Procedure. (735 ILCS 5/2-619, 2-615(West 2002)). Defendants asserted plaintiff failed to properly plead a cause of action and that they were immune from liability because they owed no duty to remove brush and trees pursuant to the Act. After hearing argument, the trial court granted defendants' 2-619 motion to dismiss. Plaintiff appeals this order.

STANDARD OF REVIEW

A motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleading which defeat the claim. *Wallace v. Smyth*, 203 Ill. 2d 441, 447, 786 N.E.2d 980, 984 (2002). The standard of

3

review on appeal from an order granting a 2-619 motion to dismiss is *de novo*. *Wallace*, 203 Ill. 2d at 447, 786 N.E.2d at 984. The reviewing court must determine whether the allegations of plaintiff's complaint, when construed in the light most favorable to plaintiffs, are sufficient to establish a cause of action upon which relief may be granted. *Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.*, 186 Ill. 2d 472, 491, 713 N.E.2d 543, 552 (1999).

ANALYSIS

We begin our analysis by considering whether section 3-102(a) of the Local Government and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/3-102(a)(West 2002)) imposes a duty upon defendants to trim or remove obstructive trees, shrubbery and foliage from defendants' street intersections. Section 3-102(a) of the Act provides:

> "A local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3-102(a) (West 2002).

Plaintiff claims there is a split of authority amongst Illinois appellate districts as to whether section 3-102(a) of the Act imposes such a duty. The alleged split of authority is between the Third and Fifth Districts. The Third District holds the Tort Immunity Act does not impose duties, but confers immunities. *Havens v. Harris Township*, 175 Ill. App. 3d 768, 771, 530 N.E.2d 284, 285 (3rd Dist. 1988); *Bainter v. Chalmers Township*, 198 Ill. App. 3d 540, 541, 555

4

N.E.2d 1195, 1196 (3rd Dist. 1990). The Fifth District, relying on the common-law doctrine of public immunity, holds that a local government entity may be liable for failure to trim trees and brush encroaching into a public road. *Long v. Friesland*, 178 Ill. App. 3d 42, 52, 532 N.E.2d 914, 927 (5th Dist. 1988). Plaintiff urges us to adopt the Fifth District's analysis in *Long*. Three relevant cases that frame our examination are *Havens v. Harris Township*, *Long v. Friesland*, and *Bainter v. Chalmers Township*.

In *Havens*, this court examined a case where plaintiff sustained serious injuries as a result of an automobile accident. The plaintiff claimed that the township breached its duty to maintain the roadway in a safe condition. Specifically, plaintiff relied upon section 3-102(a) of the Act in claiming that defendants' duty to maintain public roads in a reasonably safe condition entailed mowing the weeds and brush alongside the intersection. The court disagreed with plaintiff's claim, stating that the Act " 'is not a catalog of duties or a source of rights; it does not create new liabilities where none already exist.' " *Havens*, 175 Ill. App. 3d at 771, quoting *Hannon v. Counihan*, 54 Ill. App. 3d 509, 512 (1977), 369 N.E.2d 917, 921 (1977). The court reasoned that the proper analysis to determining whether a duty exists requires examining the common law and other applicable statutes. *Havens*, 175 Ill. App. 3d at 771, 530 N.E.2d at 285. In affirming the dismissal of plaintiff's complaint, the court stated, "[a]bsent a statutory or common law duty, it is up to the township's discretion to decide whether such road improvements were necessary." *Havens*, 175 Ill. App. 3d at 771, 530 N.E.2d at 285.

In *Long*, the Fifth District reviewed a case where an automobile accident occurred as a result of a township's failure to remove or trim trees and brush actually encroaching into a public road, thereby forcing motorists to drive into the middle of the road. There were two relevant issues before the court: (1) whether defendants breached a duty by not trimming the trees and

5

brush encroaching on the road; and (2) whether the defendants were immune from liability as public officials. In finding that a duty did exist and the township was liable, the *Long* court relied on the common-law doctrine of public immunity. *Long*, 178 Ill. App. 3d at 52, 532 N.E.2d at 920. Under that doctrine, liability will not be imposed upon public officials for the negligent performance of discretionary acts, whereas it will be imposed for negligent performance of ministerial acts. *Long*, 178 Ill. App. 3d at 52, 532 N.E.2d at 920. "Ministerial acts are those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority and without reference to the official's discretion as to the propriety of the act." *Long*, 178 Ill. App. 3d at 52, 532 N.E.2d at 921. "The performance of a ministerial act does not require the exercise of judgment or discretion by the public official." *Long*, 178 Ill. App. 3d at 53, 532 N.E.2d at 921. The *Long* court found that because the act of maintaining the township roadways free of encroaching brush is purely ministerial, the township enjoys no immunity from suit for the negligent performance of that act. *Long*, 178 Ill. App. 3d at 53, 532 N.E.2d at 921.

In *Bainter*, the Third District was urged by defendant township to reverse our holding in *Havens* and follow the reasoning set out in *Long*. In responding to this request, the *Bainter* court stated, "[w]e will continue to adhere to our decision in *Havens*. A township has no common- law duty to widen roads, smooth gravel, erect signs, or mow weeds." *Bainter*, 198 Ill. App. 3d at 541, 555 N.E.2d at 1196.

In light of the above three cases, plaintiff's claim that there is a split of authority among appellate districts as to whether section 3-102(a) creates a duty upon local government entities to trim or remove trees, brush and foliage from alongside roadways is simply incorrect. Our court has been very clear in stating that the Act does not impose duties but, instead, only confers

6

immunities and defenses. *Bainter*, 198 Ill. App. 3d at 541, 555 N.E.2d at 1196; *Havens*, 175 Ill. App. 3d at 770, 530 N.E.2d at 285. Plaintiff's argument that the Fifth District's holding in *Long* contradicts this precedent is misguided. *Long* did not even examine section 3-102(a). In fact, the opinion in *Long* did not contain discussion of any immunity provision found in the Act. Instead, the Fifth District found the existence of a duty under the common-law doctrine of public immunity. *Long*, 178 Ill. App. 3d at 53, 532 N.E.2d at 921.

*Long* is not only legally distinguishable from *Havens* and *Bainter* but also factually distinguishable. Unlike the situations in *Havens* and *Bainter*, the trees in *Long* were so overgrown they were physically encroaching the street. In fact, the plaintiff in *Long* testified that the brush physically struck the side of her car and tore her blouse. Clearly, courts have held that public entities can be held liable for injuries incurred as a result of objects being located on a public road. *See O'Connell v. Chicago & North Western R.R. Co.*, 305 Ill. App. 430, 442, 27 N.E.2d 644, 650 (1940) (holding a city liable for personal injuries caused by a driver colliding with a girder in the center of a city street where the city did not give a warning). The duty to remove known encroachments actually impeding traffic is ministerial. By contrast, the trees and brush in the instant case were not growing into the intersection and a determination of whether they need to be trimmed clearly invokes the making of a judgment and the exercise of discretion.

Because we find *Long* both legally and factually distinguishable from both *Havens* and *Bainter*, we reject plaintiff's assertion that there is a split of authority between the Third and Fifth Districts. In turn, we uphold our earlier findings that section 3-102(a) of the Act does not impose a duty upon public entities to trim or remove obstructing trees, shrubbery and foliage from their street intersections. Therefore, absent a statutory or common law duty, it is up to a public entity's discretion to decide whether or when certain road improvements are necessary.

7

We now turn our attention to plaintiff's claim that the Illinois Supreme Court's holding in *First National Bank in DeKalb v. City of Aurora*, 71 Ill. 2d 1, 12, 373 N.E.2d 1326, 1331 (1978), requires a finding that defendants were under a duty to trim the trees, shrubbery and foliage alongside the intersection in question. In *First National Bank*, the court found that the city of Aurora was liable for negligently permitting a large tree to obstruct the view of plaintiff driver, who was injured as a result of her inability to see an oncoming automobile. *First National Bank*, 71 Il. 2d at 10-11, 373 N.E.2d at 1331. Plaintiff, however, misconstrues the reasoning behind the court's finding that a duty did exist. The court never held that pursuant to section 3-102(a) of the Tort Immunity Act, a municipal corporation must keep its roadways in reasonably safe condition by virtue of trimming or removing trees, shrubbery, or foliage alongside its roadways. Instead, the court held that the alleged violations of the city's own two ordinances were *prima facie* evidence of negligence, and therefore, the injured plaintiff had a cause of action. *First National Bank*, 71 Il. 2d at 11, 373 N.E.2d at 1331.

This ruling is fully consistent with the decision in *Havens* and *Bainter*. The courts in *Havens* and *Bainter* both held that the Act does not impose duties, but confers immunities. *Havens*, 175 Ill. App. 3d at 770, 530 N.E.2d at 285; *Bainter*, 198 Ill. App. 3d at 541, 555 N.E.2d at 1196. Therefore, courts must look to the common law and other statutes to determine whether a local government entity owes a duty to a private individual. *Havens*, 175 Ill. App. 3d at 771, 530 N.E.2d at 285; *Bainter*, 198 Ill. App. 3d at 541, 555 N.E.2d at 1196. The Illinois Supreme Court in *First National Bank* did exactly that, finding that it was the city of Aurora's own statutory code that placed a duty upon the defendant city to remove the large tree that obstructed plaintiff's view. As a result, plaintiff's argument that the holding in *First National Bank* requires a finding in this case that defendants were under a duty to trim the trees, shrubbery and foliage

8

alongside the intersection in question is incorrect.

Following the reasoning laid out in *Havens*, *Bainter* and *First National Bank*, we must now examine whether the defendants in the instant case owed a duty to the plaintiff in light of the common law or any other applicable statute. Courts in Illinois have long recognized that a local government has a common law duty to maintain public roads in a safe condition. *Boylan v. Martindale*, 103 Ill. App. 3d 335, 340-41, 431 N.E.2d 62, 67 (1982). However, a public entity satisfies its duty to maintain the streets in a reasonably safe condition by placing a stop sign at the intersection. *Manning v Hazekamp*, 211 Ill. App. 3d 119, 129, 569 N.E.2d 1168, 1175 (1991). Courts have held it is entirely reasonable for a city to believe it fulfills its duty to maintain a safe intersection by providing clearly visible and functioning traffic lights. *Boylan*, 103 Ill. App. 3d at 341, 431 N.E.2d at 67; *Manning*, 211 Ill. App. 3d at 129, 569 N.E.2d at 1175. Our court has held that a township has no common-law duty to widen roads, smooth gravel, erect signs, or mow weeds. *Havens*, 175 Ill. App. 3d at 771, 530 N.E.2d at 285; *Bainter*, 198 Ill. App. 3d at 541, 555 N.E.2d at 1196.

In *Boylan*, plaintiff was injured in an automobile accident and alleged that the defendant city breached its duty in failing to remove certain trees and bushes near an intersection which obstructed her view of approaching drivers. In granting summary judgment for the defendant city, the court stated, "regardless of whether or not the drivers' view of the *** intersection was restricted, we believe that, under the circumstances, the city successfully discharged its duty by the maintenance of properly working stoplights at the intersection." *Boylan*, 103 Ill. App. 3d at 341, 431 N.E.2d at 67. The court went on to say, "[a] city is only under a duty of ordinary care to maintain its streets in a reasonably safe condition." (Emphasis omitted.) *Boylan*, 103 Ill. App. 3d at 341, 431 N.E.2d at 67. Therefore, a public entity may incur liability for failure to maintain

9

the visibility of a traffic control device. *Boylan*, 103 Ill. App. 3d at 341, 431 N.E.2d at 67. However, where the traffic device is visible, the entity successfully discharges its common-law duty to maintain public roads in a reasonably safe condition. *Boylan*, 103 Ill. App. 3d at 341, 431 N.E.2d at 67.

In *Manning*, plaintiff was involved in a car accident and argued that the defendant city's duty to maintain its roads in a reasonably safe condition included the duty to maintain adequate sight distances at intersections such that drivers have a sufficient view of oncoming traffic. The city argued that it fulfilled its duty to maintain its roads in a reasonably safe condition by placing a stop sign at the corner of the intersection where the accident occurred. In finding the city not liable the court stated, " 'there is no duty owed in Illinois for trees obstructing visibility of motorists on an adjoining highway by either a municipal landowner or a private one at a controlled intersection and the visibility of the traffic controls has not been obstructed.' " *Manning*, 211 Ill. App. 3d at 127, 569 N.E.2d at 1173 quoting *Esworthy v. Norfold & Western Ry. Co.*, 166 Ill. App. 3d 876, 879, 520 N.E.2d 1044, 1046 (l988).

In the case at bar, plaintiff does not contend and the record does not show that the trees and bushes in the area obstructed or obscured either plaintiff's view or Blatt's view of the stop signs at the intersection. The plaintiff herself admitted that she came to a complete stop for the stop sign located on the northwest corner of the intersection. Defendant blamed his failure to see the sign on blinding sunlight, not the trees and brush. Under the applicable case law, the defendants successfully discharged their duty by placing visible stop signs at each corner of the intersection. Plaintiff has cited no authority, nor has our research found any, that supports a proposition that a public entity breaches its common-law duty by allowing trees and brush in an area adjacent to an intersection to pose visual obstructions of oncoming traffic where there are

10

clearly visible stop signs observable to all drivers.  Neither does the plaintiff cite to any of the defendants' own ordinances, as the plaintiff in *First National Bank* did, to show that the defendants were under a statutory duty to maintain the intersection so that it is free of visual obstructions.  Consequently, the trial court ruled correctly in finding that plaintiff's negligence count failed to sufficiently plead the existence of a duty owed to plaintiff.

Even assuming the existence of a duty to remove the trees and brush near the intersection, the failure to do so was merely a condition of the plaintiff's injuries, not the proximate cause.  "The question of proximate cause is ordinarily one of fact for the jury." *Boylan*, 103 Ill. App. 3d at 341, 431 N.E.2d at 67.  "Yet it is well established that if an alleged negligent act does nothing more than furnish a condition making the injury possible, and such condition, by the subsequent independent act of a third party, causes the injury, the two acts are not concurrent and the condition will not be the proximate cause of the injury." *Boylan*, 103 Ill. App. 3d at 341, 431 N.E.2d at 67.   The Illinois Supreme Court in *Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300, 45 N.E.2d 665 (1942) articulated the test for distinguishing between proximate cause and a condition.  The court stated:

> "The test that should be applied in all cases in determining the question of proximate cause is whether the first wrongdoer might have reasonably anticipated the intervening cause as a natural and probable result of the first party's own negligence. [citation.] If the act of a third party is the immediate cause of the injury and is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the original wrong, the connection is broken and the first act or omission is not the proximate cause of the injury. [citation.]  [Therefore,] if two wholly independent acts, by independent parties,

11

neither bearing to the other any relation or control, cause an injury by one creating the occasion or condition upon which the other operates, the act or omission which places the dangerous agency in operation is the efficient intervening cause that breaks the causal connection and makes the other act or omission the remote and not the proximate cause of the injury." *Merlo*, 381 Ill. at 317, 45 N.E.2d at 675.

In the case at bar, plaintiff alleges that Sam Blatt's vehicle collided with her car. The complaint further alleges that Blatt failed to obey a traffic control device, a stop sign. It seems clear that defendants could not have reasonably anticipated that Blatt, an independent party, would fail to obey a plainly visible traffic control device and that plaintiff would be precluded from reacting defensively because her vision was obstructed by trees and bushes on the northeast corner of the intersection. In fact, the only behavior defendants can reasonably be held to have foreseen is that Blatt would have obeyed his statutory obligation to stop at the stop sign located at the northeast corner of the intersection. Therefore, Blatt's negligence in the instant case broke the causal connection and made the defendants' alleged negligence merely a condition and not the proximate cause of plaintiff's injury. Consequently, even assuming a duty did exist, plaintiff's negligence claim would fail because of her inability to show defendants' breach was the proximate cause of her injuries.

### CONCLUSION

Because we find that section 3-102 of the Tort Immunity Act does not create a duty for defendants to clear brush from an intersection where there are clearly visible traffic control devices at each corner and that the brush constitutes a condition rather than a proximate cause of the accident and plaintiff's resulting injuries, the judgment of the circuit court of Will County is affirmed.

12

Affirmed.

LYTTON and BARRY, JJ., concur.